## MAIN v. GRIFFIN.

(Filed April 3, 1906).

*Contracts—Sales—Warranty—Conditions.*

A contract of sale may fix conditions precedent to the existence of
   any rights under the warranty, if they are reasonable. A failure
   by the buyer to comply with such conditions is fatal to his
   remedy for a breach of the warranty, whether he institutes an
   action himself or sets up the breach in defense to an action for
   the purchase money.

ACTION by W. F. Main Co. against Griffin-Bynum & Co.,
heard by *Judge G. S. Ferguson* and a jury, at the December
Term, 1905, of the Superior Court of MOORE.

Action to recover the price of certain merchandise sold
defendant by plaintiff under a written contract. Certain
issues were submitted to the jury. From the judgment ren-
dered, plaintiff appealed.

*U. L. Spence* for the plaintiff.
*Seawell & McIver* for the defendant.

BROWN, J. The jewelry was sold to defendant under the
terms of a written contract, the execution of which was
proven and the contract was introduced in evidence. Ac-
cording to the terms of this contract the defendant waived
all right to claim that the goods did not come up to sample
or were not according to order, unless defendant complied
with the terms of the warranty and exchange in the contract.
According to the terms of this obligation, the plaintiff was
entitled to notice of any alleged defect in the goods as to
quality and to be given an opportunity to remedy any defi-
ciency before defendant could repudiate the entire contract.
This is a condition precedent to any action or counterclaim
upon the part of the defendant looking to a recovery for a

MAIN *v.* GRIFFIN.

breach of the warranty upon its part. *Shepherd v. Larkin,*
79 Mo., 264. The contract of sale may fix conditions prece-
dent to the existence of any rights under the warranty, if
they are reasonable. A failure by the buyer to comply with
such conditions is fatal to his remedy for a breach of the war-
ranty, whether he institutes an action himself or sets up the
breach in defense to an action for the purchase money. This
is substantially what is held by the authorities. 30 Am. &
Eng. Enc. (2 Ed.), p. 199, and cases cited; *Nichols v.
Wyman,* 71 Iowa, 160; *Furneaux v. Esterly,* 36 Kan., 539.
Not only does the answer fail to set up any such defense, but
defendant's own evidence shows that no complaint whatever
of any defects in the jewelry was ever made by defendant
from the date of the receipt of it to the time of the trial. On
the contrary, on June 16, 1902, defendant notified plaintiff
that "goods just received and found all O. K." Independent
of any contract, the law would not, after such notice to plain-
tiff, permit defendants to keep jewelry in possession for
more than a year without further complaint to plaintiff as
to quality or quantity and then defend upon the ground that
the jewelry did not comply with the contract. In admitting
evidence of a breach of warranty as to the quality of a few
of the articles sold, over the several objections and excep-
tions of the plaintiff, His Honor erred, as it plainly appears
that defendant made no such complaint, and did not pretend
to have complied with the terms of the contract relating to
warranty and exchange and no such defense is pleaded in
the answer. The real and only defense set up in the answer
is to the effect that the defendants were induced to enter
into the contract by the false and fraudulent representations
of plaintiff's agent. Yet the record discloses that no issue
was submitted to the jury embodying such defense and no
evidence whatever appears in the record tending to support
it. The plaintiff specifically excepted to the submission of
the 7th issue. We think this exception also well taken. The

issue is in these words, "What sum, if any, is due the defendants by reason of defendants' counterclaim?" This issue pre-supposes that the allegations of the "further defense" pleaded in the answer, have been established. These allegations are not pleaded as a counterclaim, but more properly as a "defense." If the defendant should be able to make good such allegations, then it could recover as a counterclaim such damages as it has sustained, which in the last paragraph of the answer are set out. But it is plain that before he can recover the $13 damages he must prove the facts alleged in the 1st and 2nd paragraphs of his further defense.

We do not think the case was tried upon the issue raised by the pleadings.

New Trial.

HOKE, J., concurs in result.