T. O. LOVELAND and Another v. ANDREW STEENERSON.[1]

July 20, 1906.

Nos. 14,815—(164).

**Sale—Exchange of Goods.**

　　A contract for the sale of jewelry specified goods of a definite kind and character as the subject-matter thereof, viz., "rolled gold plate," and, further, that if the jewelry furnished thereunder failed to "wear well" or "sell readily" the seller would exchange the same and replace the articles thus deficient by others. It also contained a provision to the effect that the purchaser waived the right to claim a failure of consideration, or that the goods were not "according to order," without first exhausting the terms of the contract as to exchange. It is *held* that the terms of the contract as to exchange applied only to articles of jewelry not wearing well or not selling readily, and not to articles different in kind and quality from those contracted for. As to the latter, the purchaser had the right, upon discovering that the articles did not correspond in quality and character with those ordered, to return the same to the sellers as not in compliance with the contract.

**Same—Bond from Seller.**

　　The contract also required of the sellers a bond to secure the faithful performance of the contract on their part, including a guaranty to the purchaser of certain specified profits on the sale of the goods. It is *held* that the provisions for such bond were a substantive part of the contract, a breach of which justified a return of the goods, and, further, that the evidence sustains the verdict of the jury that no bond was ever delivered or offered to defendant.

[1]Reported in 108 N. W. 831.

Action in the district court for Polk county to recover $200 for goods sold and delivered under a written contract. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiffs appealed. Affirmed.

*Ole J. Vaule* and *William P. Murphy,* for appellants.

*Charles Loring,* for respondent.

BROWN, J.

Plaintiffs are manufacturers and dealers in jewelry, with their place of business at Iowa City, Iowa. Defendant is a general merchant residing and doing business at Climax, in Clay county, this state. On September 17, 1902, he delivered to a traveling representative of plaintiffs a written order for certain specified articles of jewelry to be shipped to him at his place of business on the terms and conditions therein stated. The written order called for "rolled gold plate" jewelry, and attached thereto was a memorandum containing stipulations and agreements to be performed by plaintiffs, coupled with which was a guaranty that defendant would make certain definite profits on the sale of the goods. Among other things, plaintiffs agreed to execute and deliver to defendant a bond to be approved "by a clerk of the district court knowing sureties" to secure the performance of the conditions of the sale, including the guaranty of profits. The stock of jewelry was thereafter shipped to defendant and the bond sent to a banker at defendant's place of business signed by two sureties who were approved by a clerk of the district court in Iowa, but it was not delivered to defendant, and no instructions were given the banker to deliver it to him. Upon an examination of the goods after their receipt, defendant discovered that they were not of the kind and character ordered, being "wash plate" instead of "rolled plate," and otherwise inferior, in fact unmarketable and worthless, and upon so discovering he immediately returned the same and the whole thereof to plaintiffs. They were returned by express, but whether plaintiffs received them from the express company does not appear. Plaintiffs thereafter brought this action to recover the contract price of the goods, and defendant interposed the defense that plaintiffs had failed to comply with the terms of the contract, that the goods were not of the kind and character ordered,

and had failed to deliver to defendant the bond provided for by the order, for which reason he rescinded the contract, and returned the goods. Defendant had a verdict, and plaintiffs appealed from an order denying their motion for judgment notwithstanding the verdict, or for a new trial.

1. It is contended by plaintiffs that the court erred in admitting, over their objection, testimony tending to show that the order for the jewelry was delivered upon certain conditions which were not found in the writing. The assignments of error presenting this question require no discussion. If the court erred in admitting this evidence, the error was cured by the instructions to the jury, in which it was expressly stated that defendant was bound by the terms of the written contract and liable to plaintiffs for the purchase price of the articles stated therein, unless the jury found that the jewelry sent defendant was not in character and quality that called for by the order. This wholly eliminated from the case any question as to conditions not contained in the written contract. Counsel's contention that these instructions were ignored by the jury and that they considered and were influenced by the incompetent evidence is not sustained by the record. We are bound to assume that the jury followed and applied the law as laid down by the court.

2. It is also urged that defendant's remedy for a defect in the goods was fixed by the written contract and is exclusive; that inasmuch as the contract provided for an exchange of defective goods, defendant had no right to rescind the contract of purchase, and that the return of the jewelry by him was ineffectual for any purpose. This contention is based upon the following provisions of the contract:

> Warranty and Exchange Obligation. Any jewelry in this assortment failing to wear satisfactorily will be replaced by a new article free of charge if returned to us within five years; any article not selling readily can be exchanged for different styles or patterns or other articles in this assortment any time after settlement and within one year from date of invoice. The purchaser hereby waives all right to claim failure of consideration or goods not according to order unless he has exhausted the terms of warranty and exchange.

The trial court construed this part of the contract to apply to such goods as were in substantial compliance with the contract, and not to goods of a different kind or character, and instructed the jury that if the jewelry delivered defendant was of a different kind from that ordered, he had the right to rescind the contract and return it upon discovering that fact. We concur in this view. What the parties had in mind when incorporating this language in the written contract was "jewelry failing to wear well" and "articles not selling readily," and provision was made for exchanging the same within the time specified therein. The language cannot be construed as intended to define or fix the rights of defendant for a failure of plaintiff to furnish the kind and character of jewelry ordered, but must be limited to articles corresponding to those described in the order, which failed to wear well or sell readily. The evidence is sufficient to justify the jury in finding that the jewelry actually sent defendant was not in point of quality or character what the order called for, and the court correctly charged the jury that, such being the fact, the provisions of the contract above quoted did not apply.

3. The order contained this further provision:

> We [plaintiffs] agree to send bond that clerk of court knowing sureties would accept, to protect purchaser [defendant] in conditions of sale including guaranty of profit of 33⅓ per cent. per year as per contract.

The court charged the jury that a failure on the part of plaintiffs to comply with this condition of the contract gave defendant an additional right to refuse to accept the goods, and of this plaintiffs complain. It is urged that the court erred in submitting this question to the jury for the reasons (1) that the evidence is conclusive that a bond was furnished as required by the contract; (2) that the bond was a mere incident to the main contract and a failure to furnish it would not justify a repudiation of the contract of sale. We are unable to concur in either contention. The jury were fully justified in finding that the bond was never in fact delivered or offered defendant. A properly executed bond, conditioned as required by the contract, was mailed to a banker at defendant's place of business, but with no instructions to deliver to defendant, and the banker testified that he would not have delivered

it without further instructions from plaintiffs so to do. As we construe the contract, the agreement to furnish the bond was a substantive part thereof, and not, as insisted by counsel, a mere incidental or collateral matter. The authorities cited in support of this contention involved purely collateral or incidental conditions, in no proper aspect essential parts of the contract, and are not in point.

A full consideration of all the evidence and the various points made by plaintiffs leads to the conclusion that substantial justice has been done in the case, and the order appealed from is affirmed.

Order affirmed.