W. F. MAIN COMPANY v. W. L. FIELD et al.

(Filed 9 April, 1907).

1. Pleading—Answer—Issues Sufficient.—While the material matter of fact, alleged on one side and denied on the other, applying as well to such as are raised by the answer and not alleged in the complaint, should· be submitted to the jury as issues, yet when each party had the opportunity to offer evidence bearing upon every phase of the controversy under the issues submitted, it is not reversible error for the trial Judge to refuse to submit an issue tendered upon a particular phase.

2. Contract — Notice — Warranty — Repudiation—Reasonable Time. While a defendant must comply with the warranty under his contract to notify plaintiff of defects in jewelry and give him an opportunity to remedy them before he can repudiate the entire contract, and while, under said contract, all right of claim that goods were not up to sample, or in accordance with order, was deemed as waived unless such claim was sent by registered mail within two days of receipt of goods; when the defects are latent and not readily discoverable by inspection, the buyer's right of inspection includes a reasonable time, to be determined by the jury under the evidence, and registered mail notification is not essential when it appears that written notification was given and received by plaintiff without avail.

3. Contract — Sample—Implied Warranty—Bulk—Vitiation—Fraud. In sales by sample there is an implied warranty that the bulk shall be of equal quality to the sample, or at least merchantable; therefore, in an action to rescind a contract for fraud, evidence *is sufficient to sustain* an affirmative finding of the jury, which tends to show that the plaintiff was the manufacturer of the jewelry, the subject of the contract; that it had been sold by sample, apparently all right and up to sample when received, and its appearance calculated to deceive; that in reality it was cheap and worthless as jewelry, and the plaintiff was reasonably notified· without avail.

CIVIL ACTION, heard by *Justice, J.*, and a jury, at the October Term, 1906, of the Superior Court of SCOTLAND County.

This action was commenced before a justice of the peace to recover on an account $150 for goods sold and delivered. The following issues were submitted:

1. Was the contract set out in the complaint obtained from defendants by the false and fraudulent representation of plaintiff? Answer: Yes.

2. What was the value of the goods sold and delivered by plaintiff to defendants? Answer: Nothing over freight.

3. Did defendants notify plaintiff of defects in the goods and give him opportunity to remedy any defects? Answer: Yes.

4. What amount, if any, is plaintiff entitled to recover of defendants? Answer: Nothing.

From a judgment that plaintiff take nothing by his writ, plaintiff appealed.

*McLean, McLean & McCormick* for plaintiff.
*Maxey L. John* for defendant.

BROWN, J. 1. The plaintiff tendered the following issue: "What is the amount due under the contract"? and excepted to the issues submitted. We think the issues passed upon by the jury are entirely responsive to the allegations of the pleadings, and that under them each party had the opportunity to offer evidence bearing upon every phase of the controversy. Those material matters which are alleged on the one side and denied on the other should be submitted in the form of issues to the jury, and this applies to new matter alleged in the answer and not mentioned in the complaint. *Shaw v. McNeill,* 95 N. C., 535; *Owen v. Phelps,* 95 N. C., 286. An examination of the answer discloses that the matters embodied in the issues submitted are all pleaded with particularity in the answer of the defendants.

2. It is contended that the defendants did not comply with the stipulations of the written contract under which they purchased. A contract almost identical in its terms with the one sued on here was before the Court in *Main v. Griffin-*

*Bynum Company,* 141 N. C., 43, in which it was held that the defendants must comply with the warranty and exchange plan, and that plaintiff was entitled to notice of alleged defects and an opportunity to remedy them before the defendants could repudiate the entire contract. In reference to the provisions of said contract, this Court said: "According to the terms of this obligation, the plaintiff was entitled to notice of any alleged defect in the goods as to the quality, and to be given an opportunity to remedy any deficiency before defendants could repudiate the entire contract." The facts of that case were materially different from this. It appeared there that the defendant received the goods promptly and made no complaint, the Court saying in reference thereto: "But defendants' own evidence shows that no complaint whatever of any defects in the jewelry was ever made by defendant from the date of the receipt of it to the time of the trial. On the contrary, on 16 June, 1902, defendant notified plaintiff that 'goods just received and found all O. K.'" In respect to these defendants' conduct after receipt of the jewelry, J. T. Field testified as follows: "We sold some of it and it was brought back in a short time, brassy—no gold about it. We took it back and refunded the money. As soon as we found out what it was we notified them that it was worthless, and asked them to take it back. They refused to take it back. It was not worth anything; I would not have it. To sell this stuff would ruin a man's business."

It is true that the contract contains a provision that all right to make claim that goods are not like sample, or not according to order, are waived unless such claim is sent by registered mail within two days of receipt of goods; and it is likewise true that there is no evidence that the defendants made claim within two days after receipt of the goods. The courts have very generally recognized the right of parties to a contract

for the purchase and future delivery of merchandise to contract in reference to the time and place of inspection, and such stipulation is generally enforced. It is probable that a limit of two days for inspection would be held reasonable where the defects are of a character that may be disclosed by an ordinary inspection, but where, as in this case, the defects are claimed to be latent, and such as are not readily discoverable by inspection, no such limitation will protect the seller. Under such circumstances the buyer's right of inspection includes a reasonable time within which to ascertain the quality of his purchase. What is a reasonable time here is a question of fact dependent upon the circumstances of each case and to be determined by the jury. 2 Mechem on Sales, secs. 1377-1381, and cases cited. We are of opinion that, if the evidence is to be believed, the defendants acted with due diligence in making inspection and notifying plaintiff. It does not appear whether they did so by registered letter, but that is immaterial here, as it appears in evidence that plaintiff received defendants' communication and refused to take the goods back or remedy the trouble.

3. It is contended that there is no evidence sufficient to warrant the finding upon the first issue, that the contract was obtained by the false and fraudulent representation of plaintiff. There is evidence tending to prove that the goods were apparently all right and up to sample, and that their appearance was such as was calculated to deceive. One witness testified that the goods were "cheap made-up stuff for fake purposes, and worth nothing as jewelry." It may be that there is no evidence that the contract was secured by false representation by plaintiff's agent, or that he was inspired by a fraudulent purpose when he obtained the execution of the contract. We are willing to admit that there is no evidence of such antecedent fraudulent purpose at the time the con-

tract was signed, and that plaintiff's agent purposed that the order should be filled in good faith. Yet the jury have found that the goods were worth nothing; that plaintiff was duly notified and refused to remedy the defects. Such findings in response to the second and third issues are amply sufficient to support the judgment of the Court. The goods were purchased by sample, and the findings of the jury establish the fact that the goods when delivered not only did not come up to sample, but were unmerchantable and worthless and that plaintiff refused to remedy the defects. In all sales by sample there is an implied warranty that the bulk shall be of equal quality to the sample. Benjamin on Sales, 683. It is also held that where goods are sold without an opportunity for inspection, there is also an implied warranty that they shall be at least "merchantable"—not that they are of the first quality, or even of the second, but that they are not so inferior as to be unsalable among dealers in the article. This is especially true where, as in this case, the vendor is the manufacturer of the articles sold. Benjamin on Sales, 686, and cases cited. "If a man sells an article," says *Best, C. J.*, in *Jones v. Bright,* 5 Bing., 544, "he thereby warrants that it is merchantable; that is, that it is fit for some purpose. If he sells it for a particular purpose he thereby warrants it to be fit for that purpose." Lord Ellenborough said in *Gardiner v. Gray,* 4 Camp., 144, "under such circumstances the purchaser had a right to expect a salable article, answering the description in the contract. Without any particular warranty, this is an implied term in every such contract." In *McClung v. Kelly,* 21 Iowa, it is said: "The contract always carries with it an obligation that the article shall be merchantable; at least not to have any remarkable defect." In *Gaylord Mfg. Co. v. Allen,* 53 N. Y., 518, it is said: "A contract to manufacture and deliver an article at a

future day carries with it an obligation that the article shall be merchantable." See, also, *Rogers v. Niles,* 11 Ohio St., 55.

Upon the findings of the jury in response to the second and third issues, we have no hesitation in holding that under such conditions the right of defendants to rescind the contract and to lawfully refuse payment is undeniable. 24 Am. and Eng. Enc., 1161.

We have examined the exceptions in the record and find No Error.