# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

THEODORE C. LOVELAND and Another v. H. BEUMER.[1]

July 12, 1907.

Nos. 15,239—(201).

**Sale—Agreement to Furnish Bond.**

  Action on a contract for the sale of jewelry, one of the provisions of which required the plaintiffs to furnish a bond to secure a guaranty to the defendant of a stated per cent. of profit on the goods. *Held*, following Loveland v. Steenerson, 99 Minn. 14, that the agreement as to the bond was a substantive part of the contract, and, further, that the trial court correctly dismissed the action on the ground that the evidence was not sufficient to show a compliance with the contract by the plaintiffs in the matter of furnishing the bond.

Action in the district court for Stearns county to recover $200, the price of goods delivered to defendant upon her written order. The case was tried before Baxter, J., who when plaintiffs rested dismissed the case. From an order denying a motion for a new trial, plaintiffs appealed. Affirmed.

*James E. Jenks,* for appellants.

*J. D. Sullivan,* for respondent.

[1]Reported in 112 N. W. 864.

  102 M.—1

START, C. J.

The plaintiffs herein are the same parties as the plaintiffs in the case of Loveland v. Steenerson, 99 Minn. 14, 108 N. W. 831, and this is an action to recover upon a written order or contract for the delivery of certain jewelry by the plaintiffs to the defendant, which in its material provisions is substantially like the order and contract construed in the Steenerson case. At the close of the plaintiffs' evidence the trial court, on motion of the defendant, dismissed the case, and the plaintiffs appealed from an order denying their motion for a new trial.

If the evidence of the plaintiffs failed to establish their cause of action, the trial court rightly dismissed the action; otherwise, not. The question is this: Did the plaintiffs establish a prima facie case?

The contract contained a provision guarantying the defendant certain specified gross profits on the sale of the goods, and a further provision written across its face as follows: "We agree to send bond that clerk of court, knowing sureties, would accept in Amt. $300, 1st National Bank, St. Cloud, covering guarantee of profits 33⅓ per cent. as per contract." The evidence shows that the plaintiffs' traveling salesman called at the defendant's place of business in the county of Stearns, in this state, and there secured from her the execution of the contract, which he forwarded to the plaintiffs in the state of Iowa for their approval.

The complaint alleged the making of the contract, a copy of which was attached thereto and made a part thereof, and further alleged that the plaintiffs had performed all the conditions thereof on their part to be performed. The answer put in issue the allegations of the complaint. The only evidence offered by the plaintiffs to show a performance of their contract as to the bond was that they sent to the bank named a bond in the penal sum of $300, which it received, and in which the Equitable Manufacturing Company was named as principal and M. H. Taylor and B. R. Bowley as sureties. The bond was signed, "Equitable Mfg. Co., per T. C. Loveland," and the sureties named, and not otherwise. The only evidence offered that the bond was such a one as the clerk of court, *knowing the sureties,* would accept, was a certificate of the clerk of the district court of the county of Johnson and state of Iowa, under his hand and seal, to the effect that the sureties on the attached bond were amply good and sufficient for the penalty of

the same, and that if the bond were presented to him for approval as clerk of such court he would approve the same; but there was nothing to show that he knew the sureties. The evidence further shows that the plaintiffs are partners doing business as the Equitable Manufacturing Company; that they sent the goods described in the contract to the defendant, which were returned by her to the plaintiffs with charges prepaid, but they did not accept them.

The trial court dismissed the action for the reason that the plaintiffs had failed to show a performance of the contract as to furnishing the bond. The promise to furnish a bond guarantying the profits was a substantive part of the contract, and the plaintiffs, under the pleadings, were required to show a compliance therewith before they could recover on the express contract alleged in their complaint. Loveland v. Steenerson, 99 Minn. 14, 108 N. W. 831. The plaintiffs having in their complaint predicated their right to recover upon the contract and its full performance by them, it was not necessary for the defendant to specially plead by way of defense that the bond was not given, for it was sufficient to put in issue by the answer the allegations of the complaint in this respect. The trial court held that the evidence failed to show that the plaintiffs had performed the contract on their part as to the giving of the bond. The decision of the court was correct, for there was no evidence that any clerk of any court, who knew the sureties, would accept the bond, nor any evidence to show that the clerk of the district court of Johnson county, Iowa, was the clerk of court referred to in the contract. If the identity of the clerk of court referred to in the contract is to be inferred from the contract itself, it would seem that the clerk of the district court of the county of Stearns was the one intended; for it was in that county that the contract was executed by the defendant, and the clerk of the district court is popularly known as the clerk of court.

Order affirmed.