# W. T. Adams Machine Co. v. Turner.

## Action for Breach of Warranty.

(Decided May 24, 1909. Rehearing denied Jan. 30, 1910. 50 South. 308.)

1. *Sales; Warranty; Condition Precedent.*—Where the contract of sale of machinery contained a warranty, and in a separate and distinct clause provided that notice of defects should be given to the seller within ten days after the machinery was received, or the same should be waived, and the seller reserved the right to furnish all material and labor to correct the defect, the giving of the notice provided for was not a condition precedent to a recovery for the breach of warranty.

2. *Same; Examination by Buyer.*—A buyer may rely upon the express warranty of the seller except as to patent defects obvious on casual inspection, and is not bound to make any examination.

3. *Same; Inspection by Buyer; Construction of Contract.*—The stipulation in a contract for the sale of machinery with warranty, that if anything was found defective, notice thereof should be given to the seller within ten days after the machinery was received, and the seller reserved the right to correct same and to furnish the labor and material to obviate the defect, did not require that the buyer inspect the machinery with a view to giving such notice.

4. *Same.*—Where the contract for sale of machinery contained a warranty and provided that notice of defects should be given the seller within ten days after the machinery was received, and the seller be allowed to correct the same, and that no claim for materials furnished or work done by the buyer would be allowed, since

the seller reserved the right to furnish the material or do the work, the right of the seller to furnish the material or do the work was dependent and became extinct on expiration of the ten days within which to report discovered imperfections to the seller.

5. *Evidence; Expert and Opinion; Qualifications.*—Where witness qualified as an expert machinist with reference to setting up and operation of engines and boilers, it was proper to permit him to state that in his opinion an engine and boiler were properly set up.

6. *Damages; Pleading; How Objection Raised.*—A requested charge is not the proper way to raise an objection that no averment of damages appeared in the complaint; this should be taken to the pleading.

7. *Charge of Court; Undue Prominence to Particular Matters.*—A charge asserting that it was the duty of the jury to look to the time when the buyer made complaint to the seller to determine whether any defect existed at the time the machine was sold, selects and emphasizes one element of fact and its refusal is proper.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by H. C. Turner against the W. T. Adams Machine Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The issues on which the case was tried, together with the facts of the same, sufficiently appear in the opinion of the court. The following charges were refused to the defendant: (1) General affirmative charge. (2) "It is the duty of the jury to look at the time when the plaintiff made complaint to the defendant to determine whether any defect existed in the engine and boiler at the time the defendant sold the engine and boiler to the plaintiff." (3) "Under the terms of the contract offered in evidence the plaintiff had no right to purchase materials or employ labor and charge the defendant with the same without first giving the defendant an opportunity to furnish said material and labor in the repair of the engine and boiler." (4) "Neither count of the complaint avers that the plaintiff sustained any injury in the alleged breach of warranty in the sale of the engine and boiler, and without an averment of injury the jury cannot by their verdict assess damages against the de-

[W. T. Adams Machine Co. v. Turner.]

fendant." (5) "It was the duty of the plaintiff within 10 days after the receipt of the boiler to examine it, and if on such examination the scales could have been discovered in the boiler, the facts should have been reported in writing to the defendant; and if the jury find from the evidence that no such examination was made the plaintiff is not entitled to recover damages for any such defect." (6) "Under the terms of the contract executed by the parties to this action, it was the duty of the plaintiff within 10 days after the machine was received to give notice in writing to the defendant of any defect in the engine and boiler sold by the defendant to the plaintiff; and if the jury find from the evidence in this case that the plaintiff did not give such written notice within 10 days from the day the goods were received the plaintiff cannot maintain this suit, and the verdict of the jury should be for the defendant."

COOPER & COOPER, for appellants. As to the proper construction of the contract counsel cite the following cases.—I Lea. 436; 44 Am. St. Rep. 554; *Altman v. McKinney,* 26 S. W. 267; *Main v. Guffin,* 53 S. 9. 727; *Russell v. Murdock,* 18 Am. St. Rep. 348; *Davis v. Case Threshing Co.,* 80 S. W. 1145. The court erred in permitting the witness to state whether or not the engine and boiler were properly set up.—*LaFayette v. Tucker,* 124 Ala. 514; *McCutchins v. Loggins,* 109 Ala. 457; *L. & N. R. R. Co. v. Tegner,* 125 Ala. 593.

S. S. PLEASANTS, and LANIER & PRIDE, for appellee. The court did not err in permitting witness to state whether or not the boiler was properly set up, as he had qualified as an expert.—*A. C. C. C. Co. v. Pitts,* 98 Ala. 285; *Ry. Co. v. Propst,* 83 Ala. 518; *Young v. O'Neal,* 57 Ala. 566. The complaint is in Code form and is suf-

ficient for the recovery of special damages even.—*Herren v. Skaggs,* 73 Ala. 446; *Roberts v. Fleming,* 31 Ala. 684. This character of action does not come within the rule applicable to actions on attachment bonds, etc.—*Lewis v. Paul,* 42 Ala. 136. The court properly refused charge 2 since it singled out certain testimony.—*Darnell v. Griffin,* 46 Ala. 520; *Callan v. McDaniel,* 72 Ala. 96; *Postal T. Co. v. Jones,* 133 Ala. 228. The main purpose of the warranty is to excuse examination and render inquiry unnecessary, and it is only in the absence of such protection that these precautions are required. —*Brown v. Freeman,* 79 Ala. 406; *Tabor v. Peters,* 74 Ala. 90.

McCLELLAN, J.—Action by vendee against vendor for breach of warranty in respect of machinery, engine, and boiler.

Unless controlled to the contrary by the legal questions to be determined, it is practically conceded by counsel for appellant that the issues were for the jury's decision.

The main legal inquiry arises over the construction of the written contract between the parties for the purchase of the machinery. One of the presently important features of the instrument is this: "It is agreed that the date for delivery, whether express or implied, is subject to delay caused by strikes, fires, accidents or cause beyond the control of W. T. Adams Machine Company, and if anything is found short, broken, defective, or not as specified, notice thereof shall be given in writing to said company within ten days after machinery is received by me (or us) that said company may correct same, or same shall not be allowed, and no claim for any material furnished or work done by me (or us) shall be allowed as said company reserves the right to furnish

said material or work." The other important feature, followed the word "warranty," which is in large type, is this: "The above-described machinery is warranted to be made, or that it will be made of, good material, and when correctly and properly set and adjusted that it will do as good work as ordinary machinery of same class and size." The complaints against the machinery's perfection, said by the plaintiff to have wrought a breach of the general warranty quoted, consisted: (1) That the wrist pin on the crank shaft of the engine was not true, thereby causing the engine to knock, at times, violently; (2) that the boiler would not produce the requisite pressure of steam for one of its class—the result claimed being that the machinery failed, though properly installed and operated, to do the work of other machinery of like class and size. No written notice within 10 days after the receipt of the machinery of the imperfections stated having been given, as was conceded by the plaintiff, the appellant contended below and does here, that the plaintiff, by the terms of the contract, could not maintain this action; the legal effect of the stipulation being to condition a claim for a breach of the quoted express warranty contained in the contract upon an examination of the machinery within the time specified and the giving of written notice to the company of any of the imperfections enumerated in the provision discovered about the machinery. We cannot agree with counsel in the stated insistence. Our reasons will be briefly set down:

The structure of the contract gives no intimation that the comprehensive warranty written in it is qualified to the extreme degree to which the insistence leads, viz., as a condition precedent to the availing, upon occasion, of the warranty declared. The asserted condition precedent is written in another and different part of the in-

strument and makes, in terms, no reference whatever to the warranty later appearing therein. It would seem that a provision having so great an effect, as is contended, upon the rights of the parties, as elsewhere provided in the instrument, would not be incorporated so disconnectedly with reference to the warranty expressly given therein. Furthermore, there is no express requirement that the vendee examine the machinery within 10 days after its receipt; and, in that state of the provision, we think the rule applies that permits the vendee to rely upon the warranty, except with respect to obvious imperfections, external and visible to the vendee upon casual inspection.—*Brown v. Freeman,* 79 Ala. 406, 410; *Tabor v. Peters,* 74 Ala. 90, 49 Am. Rep. 804. The defects complained of do not appear to have been of an obvious character. Indeed, there is no proof that such was their character; and, on the contrary, the defense was, as appears, that they did not exist at all. The proof uncontradictedly shows that more than 10 days elapsed after the receipt of the machinery and before it was fully installed. The application of the contended for effect of the notice feature of the contract would result in an important, vital qualification of the warranty given the vendee. It is a necessary inference from the record that the imperfections in both the engine and boiler could only be discovered, short of an examination, after their use and operation; and, if this be true, the 10-day limitation, as interpreted for appellant, would have, it is readily conceivable, deprived the vendee of several features of the warranty in the instrument. It is not reasonably possible that the parties so intended in this contract. If appellant's contention is sanctioned, the reception of the machinery put in operation a 10-day limitation that to obviate the consequences of which the vendee must have, for all practical purposes,

become most skilled and industrious to detect what, within the rule before stated as to obvious and latent defects, it may have been hardly possible, if indeed so, to accomplish, and this notwithstanding the warranty apparently given. That he assumed any such unreasonable obligation under this instrument cannot be held.

But, aside from these considerations, it seems clear to us that by no rational construction of the provision with respect to the notice can it be said that any duty or obligation was assumed by the vendee to inspect with a view to giving the notice stipulated. The condition to the notice is if certain imperfections or absences are found. Evidently the whole purpose was to give the vendor the opportunity to correct the mistake, error, or imperfection if they came to the knowledge of the vendee within 10 days and to stipulate, on that condition, against the vendee's incurring, for the vendor's ultimate satisfaction, liabilities in the way of the perfection of the machinery. The whole provision, when read together, confirms the interpretation stated. Whatever may be included in the terms descriptive of the imperfections enumerated, it is not shown in this case that such knowledge as affords the condition for the giving notice was possessed by the vendee within 10 days after he received the machinery. The condition itself being absent, the requirement (if so) did not exist. Since the 10 days provided within which the discovered inperfections should be reported to the vendor had expired after the receipt of the machinery, it is hardly necessary to add that the dependent thereon right of the vendor to furnish the material and do the work became extinct; for the provision against claims for material furnished or work done obviously refer to the antecedent stipulations in that connection. The motive for such provision against claims evidently was to re-

tain, under the conditions defined just preceding, the right to correct, under the vendor's supervision, mistakes, errors, or imperfections in the subject of the sale. If read as a stipulation against all claims arising out of the repair or the completion of the article, its effect would be to impair to a large degree the warranty expressed in the contract.

Counsel for appellant here press upon our attention, as properly influential on the inquiry treated, the following authorities.—*Lewis v. Hubbard*, 1 Lea, 436, 27 Am. Rep. 775; *Fahey v. Esterley Co.*, 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 554; *Main v. Griffin*, 141 N. C. 43, 53 S. E. 727; *Russell v. Murdock*, 79 Iowa, 101, 44 N. W. 237, 18 Am. St. Rep. 348; *Davis v. Case Co.*, (Ky.) 80 S. W. 1145. The contracts considered in these decisions were very different from that in hand. They provided that notice to the vendor, etc., of defects discovered, etc., should be given either at once or within a reasonable time. Reference to the quoted provision from the contract before us will demonstrate the entire lack of application here of what was held in the decisions noted. The witness Newly had qualified as an expert machinist with reference to the setting up and operation of engines and boilers. He was, hence, properly permitted to give it as his opinion that the engine and boiler were properly set up.

As stated before, the issues in the case were for the jury; each of them finding support in tendencies of the evidence. The weight of the evidence is not so palpably opposed to the verdict as would warrant us, under the oft-written rule here, in disturbing it. There was no error in refusing the affirmative charge to the defendant, nor in overruling its motion for a new trial upon the ground directed against the weight and sufficiency of the evidence. Our ruling in construction

[Bromberg v. Eugenotto Construction Co.]

of the contract, as quoted, justifies the action of the court in refusing to defendant special charges 3, 5, and 6.

Special charge 4 is, in effect, the affirmative charge for the defendant and proceeds on the theory, and so states, that no averment of injury appears in the complaint. If this were true, the objection should have been taken to the pleading, which was not done. The counts are, substantially, in Code form, and were, hence, sufficient.

Special charge 2 refused to defendant was properly so treated. It probably has other vices; but it will suffice to note that it undertakes to select and emphasize one element of fact in the evidence.

There is no error in the record, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.

