## A. E. ZIEHME and Another v. WILLIAM SIMMS.[1]

### July 23, 1909.

### Nos. 16,222—(190).

**Acceptance of Goods — Question for Jury.**

> In an action to recover the value of certain jewelry alleged to have been
> sold and delivered to defendant, in which defendant interposed the defense
> that he had rescinded the contract of purchase on the ground that the jewelry
> furnished did not correspond in kind and character to that called for by the
> contract, it is *held* that the trial court erred in directing a verdict for plain-
> tiffs.

Action in the municipal court of Minneapolis to recover $220 on a
contract for the sale of jewelry. The defense set up in the answer
is stated in the second paragraph of the opinion. The case was tried
before Waite, J., who directed a verdict in favor of plaintiffs for
$230.15. From an order denying defendant's motion for judgment
notwithstanding the verdict or for a new trial, he appealed. Re-
versed.

*Robert G. Morrison,* for appellant.
*Stevens & Stevens,* for respondents.

BROWN, J.

Action to recover the value of certain jewelry alleged to have been
sold and delivered to defendant, in which plaintiffs had a verdict,
and defendant appealed from an order denying his alternative mo-
tion for judgment notwithstanding or for a new trial.

The defense to the action was that the jewelry was sold to defend-
ant under a representation, or guaranty, that the same was of a par-
ticular kind and character, viz., either solid gold, gold filled, or rolled
gold plated; that defendant gave a written order therefor, which con-
tained a description of the goods as to the kind and character of gold
plate; that under the order so given plaintiffs shipped to defendant
the articles contracted for, which he received and placed on sale in his

1Reported in 122 N. W. 458.

store; that the goods so shipped and delivered to him were not in fact of the kind and character specified in the contract, but, on the contrary, a very inferior article and practically worthless; that immediately upon discovering the fact defendant rescinded the contract and offered to return the goods to plaintiffs, who refused to accept them.

It appeared at the trial that, in addition to the jewelry purchased, plaintiffs also furnished defendant, at the same time, certain goods for "free" distribution, and other advertising matter, which defendant, after he received the same, but before discovering that the jewelry did not correspond in character with the jewelry ordered, distributed among the people in the neighborhood. A show case was also furnished by plaintiffs, and defendant placed this in his store, and displayed therein the jewelry to his customers. Within two or three weeks after receiving the goods, defendant, not being an expert jeweler, had the same examined and tested by a competent person, and learned from him that the jewelry was not of the kind or character contracted for, and he rescinded the order, as already stated. At the trial below the court directed a verdict for plaintiffs, on the ground that it conclusively appeared from the evidence that there was an acceptance of the goods by defendant, and that his attempt to rescind the contract came too late.

A large number of errors are assigned and discussed in the briefs, only one of which, the action of the court in instructing a verdict for plaintiffs, will be mentioned. Our examination of the record leads to the conclusion that the question of acceptance of the goods should have been left to the jury to determine, and as this results in a new trial it becomes unnecessary to consider the other alleged errors. We may say, however, in passing, that the court properly refused to direct a verdict for defendant. The whole case should have gone to the jury. Though the contract under which the jewelry was sold and shipped to defendant contained no warranty as to quality, defendant was under no obligation to accept or retain goods not of the kind or character contracted for, and he had the undoubted right, upon discovering that the articles were not of the kind ordered, to rescind the contract. Loveland v. Steenerson, 99 Minn. 14, 108 N. W. 831.

This defendant did, and unless his conduct in placing the goods on sale in his store, distributing the "free articles" and advertising matter, his efforts to sell some of the jewelry after being informed by his brother that it was bogus and of no value, is conclusive, as a matter of law, that he accepted the same, and thus precluded himself from rescinding the contract after discovering the true character of the goods, the court erred in directing a verdict against him.

We held, in Loveland v. Steenerson, supra, that defendant in that case had the right to rescind upon discovering the bogus character of the jewelry, and the rule there laid down, which is in harmony with the general rule on the subject of rescission (Main v. Field, 144 N. C. 307, 56 S. E. 943, 11 L. R. A. [N. S.] 245), applies to the case at bar. Defendant was not required to rescind until he had definite information that the jewelry was not what he contracted for; and he did not, as a matter of law, lose his right by his conduct before discovering its worthlessness and true character, or in distributing the "free articles" and other advertising matter. These "free" goods were furnished by plaintiffs for general distribution, and defendant in no way prejudiced his right to rescind the contract upon discovering the fraud attempted to be practiced on him, by complying with the terms of the contract in this respect. At least we hold that this was, on the evidence, a question of fact, not of law. Nor was defendant's attempt at rescission defective because prompted by grounds other and in addition to the fact that the jewelry was worthless. Although he failed to assign the defective character of the jewelry as the ground of rescission in his notice to plaintiffs, he expressly gave this as his reason to their attorney, and another agent who had received the claim for collection against him.

Our conclusion on the whole record is that the question of acceptance, and the other questions in the case, should have been submitted to the jury, and that the court erred in directing them to find for the plaintiffs. North Baltimore v. Altpeter, 133 Wis. 112, 113 N. W. 435; Main v. Field, 144 N. C. 307, 56 S. E. 943, 11 L. R. A. (N. S.) 245; Columbian v. Douglas, 84 Md. 44, 34 Atl. 1118, 33 L. R. A. 103, 57 Am. St. 362; Hudson v. Roos, 72 Mich. 363, 40 N. W. 467.

Order reversed.