WALSH MANUFACTURING COMPANY v. PLYMOUTH LUMBER COMPANY.

(Filed 11 September, 1912.)

1. Contracts—Conditional Warranty.
     A contract for the sale of a lumber dry-kiln, to be returned to the vendor upon its failure to do certain work, upon the fulfillment of the vendee of specified conditions relative to giving the vendor the opportunity of remedying defects and causing it to do the work contracted for, when reasonable upon its face, is, in the absence of fraud, enforcible.

2. Same—Countersign—Damages—Performance of Conditions.
     When in a contract of sale of a lumber dry-kiln it was guaranteed that the kiln would accomplish certain results, and that

the material could be returned to the vendor in the failure of the kiln to do so after an opportunity had been afforded the vendor to remedy any defects and cause the kiln to meet the requirements, the vendee cannot maintain a counterclaim for damages in the vendor's suit for the contract price, without proving that he has performed the conditions upon which the guaranty was to have been effective.

APPEAL by defendant from *Bragaw, J.,* at April Term, 1912, of WASHINGTON.

This action was brought to recover the contract price for a certain Green Gum Dry-Kiln, and is based upon a written contract.

The defendant resisted the right of the plaintiff to recover:

First, because the material and workmanship of the equipment was not first-class in every particular, as guaranteed in said contract, but, on the contrary, was of an inferior quality, and in many respects defective.

Second, because the dry-kiln failed to do the work which the plaintiff guaranteed it would do.

The defendant further contended that because of defects in the material of the dry-kiln and its failure to do the work guaranteed, it lost a large amount of lumber while testing same under the direction of the plaintiff. The defendant offered evidence tending to sustain its contention, and there was evidence to the contrary offered by the plaintiff.

The material parts of the written contract, under which the plaintiff sold the kiln to the defendant, are as follows:

"We guarantee the material and workmanship of the above specified equipment to be first-class in every particular, and in consideration of payments being made as agreed, we further guarantee that when kiln is constructed in strict accordance with our plans and operated as per our instructions and furnished with steam at 14 hours per day, and exhaust steam at 2 to 5 pounds, the remaining 10 hours 70 pounds pressure at kiln, to be of ample capacity to dry 7,500 feet 1-inch x 16-feet gum lumber per day of 24 hours continuous operation, without adding to any defects the stock may have when placed in the kiln, such as checking, mildewing, molding, or discoloring, and

the material so dried will not warp or twist to any greater extent than by outdoor piling. It is understood that you are to furnish all the necessary material for testing the capacity of the kiln, material to be green from the saw when it is placed in the kiln."

"In the event of the failure of the kiln to do the work as guaranteed, you having given us due notice in writing to that effect and afforded us the opportunity of making any necessary corrections, and after such corrections the kiln should still fail to work as guaranteed, you are to reload the material furnished within 10 days and return to us. Upon receipt of bill of lading covering the shipment of same in good condition, we will refund all money covering freight charges paid by you, also the amount of any cash payments made to us, and further responsibility on our part shall then cease.

"It is agreed that should you violate any of the provisions of this agreement, then the right to return apparatus shall be forfeited and you will pay to us as liquidated damages the sum of money herein specified under the heading of price, the same as though you had volunteered your acceptance in writing."

After the jury was impaneled defendant admitted the execution of the contract and amount of debt, nothing else appearing, and assumed the burden upon its counterclaim and recoupment.

There was no evidence that, after notice in writing, the plaintiff was given the opportunity to correct any defects or that the defendant offered to return the property, and the defendant failed to make the cash payment of $700, and retained the kiln, and has continued to use it.

After the conclusion of the evidence, the court being of opinion that the failure of defendant to allow plaintiff to make test, together with defendant's failure to return or offer to return the property to plaintiff, the defendant could not maintain its counterclaim against plaintiff, and granted the motion to dismiss the alleged counterclaim, and gave judgment for plaintiff, and defendant excepted.

*Pruden & Pruden, William Bond, and William Bond, Jr.,*
for plaintiff.

*H. S. Ward and Gaylord & Gaylord* for defendants.

ALLEN, J.   The correctness of the ruling in the Superior
Court depends on the construction of the written contract en-
tered into between the plaintiff and the defendant.   By its terms
the plaintiff agreed to furnish the defendant a complete dry-
kiln apparatus for the sum of $1,725, of which $700 was to be
paid in cash, and it guaranteed its quality and workmanship,
and it was provided therein that, upon failure of the kiln to do
the work *as guaranteed,* the defendant should notify the plain-
tiff to that effect, and give it the opportunity to correct any
defects, and if after such correction the kiln still failed to do
the work as guaranteed, the defendant agreed to reload the
material furnished and ship to the plaintiff.

It was further stipulated in the contract that, upon return
of the material, the plaintiff would refund all money covering
freight charges and cash payments paid by the defendant, and
that further responsibility on the part of the plaintiff should
then cease.   The defendant did not give the plaintiff the oppor-
tunity to correct defects, if they existed, nor did it offer to
return the material.

The contract is fair and reasonable on its face, and, in the
absence of fraud, which is not alleged, must be enforced.   It
belongs to the class of contracts called "contracts of sale or
return," of which it is said in Parson on Contracts (5th Ed.),
vol. 1, p. 539: "In these the property in the goods passes to
the purchaser, subject to an option in him to return them
within a fixed time or a reasonable time; and if he fails to
exercise this option by so returning them, the sale becomes
absolute, and the price of the goods may be recovered in an
action for goods sold and delivered"; and in Cyc., vol. 35, p.
237: "Where the contract provides for a return of the goods
if not satisfactory, the buyer cannot relieve himself from lia-
bility for the price, unless he returns or offers to return them,
and the offer to return must be unconditional."

HARDWARE CO. *v.* BUHMANN.

This principle, as applicable to the facts in this case, is approved in *Main v. Griffin,* 141 N. C., 43; *Main v. Field,* 144 N. C., 307; and *Piano Co. v. Kennedy,* 152 N. C., 197, in which last cited case the Court says: "We have recognized the principle that there can be no implied warranty of quality in the sale of personal property where there is an express warranty, and that where a party sets up and relies upon a written warranty he is bound by its terms and must comply with them. 30 Am. and Eng., p. 199; *Main v. Griffin,* 141 N. C., 43. We recognize the further principle, applied by us in that case, that a failure by the purchaser to comply with the conditions of the warranty is fatal to a recovery for breach of the warranty in an action on it, or where, as in this case, damages for the breach are pleaded as a counterclaim in an action by the seller for the purchase money."

The defendant having failed to return the material, and not having offered to do so, and having failed to perform other stipulations contained in the contract, was not entitled to recover on his counterclaim, and on the admitted facts judgment was properly rendered in favor of the plaintiff for the contract price.

No error.