## Wood, Stubbs & Company, Appellee, v. Jonas Kaufmann, Appellant.

### Gen. No. 29,004.

1. SALES—*buyer's right to inspect shipped goods on arrival and to reject.* Under a contract made by the acceptance of an order for the purchase of goods of a particular description to be acquired by the seller and shipped to the buyer over the lines of a common carrier, if the buyer had no opportunity to examine the goods before they were delivered to him he has the right, when he receives them, to inspect and examine them and, if he finds they do not answer the description of the goods he ordered, to reject them for noncompliance with the terms of the contract.

2. SALES—*time for inspection on arrival of goods.* An inspection of goods by a buyer must be made within a reasonable time, what is a reasonable time being usually a question of fact to be determined by a consideration of all the circumstances, so that if the goods are of such character that defects are not readily discoverable by a mere inspection the buyer is entitled to a reasonable time in which to test the quality of the goods.

3. SALES—*time for inspection of goods returnable "at once" if not accepted.* Where defendant placed an order for onion seeds with plaintiff under terms requiring him to return them "at once" if he did not accept them without any warranty, express or implied, the words "at once" must be construed to mean with such reasonable promptness as the nature of the case required and his rejection of the seed within ten days after receiving them was within a reasonable time where it appeared from the evidence that from 7 to 10 days were required to make a germination test, which was the only method of determining the quality of the seed.

4. SALES—*sufficiency of stated reasons for returning goods to seller.* Where defendant purchased onion seed under a contract requiring him to "return the goods at once" unless he elected to accept them without warranty it was sufficient for him to state on returning them that they were returned because not warranted and other reasons for their rejection which were given by him were not controlling or material.

Appeal by defendant from the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1923. Reversed with a finding of facts. Opinion filed May 27, 1924.

THOMAS M. POYNTON, for appellant.

NUEL D. BELNAP, JOHN S. BURCHMORE and LUTHER M. WALTER, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

Plaintiff is a wholesaler of seeds at Louisville, Kentucky. Defendant is a dealer in onion seeds, with a warehouse at South Holland, Illinois. In October, 1919, in response to a letter from the plaintiff offering to sell "choice quality white Portugal onion seed at $1.25 per lb." from the then growing 1920 crop, the defendant wrote to the plaintiff: "You may book me for 1000 pounds White Portugal Onion Seed, 1920 crop, at $1.25 per pound, and mail me your contract." Thereupon plaintiff mailed to defendant a blank order in duplicate, written upon plaintiff's order blanks, to ship to the defendant "after harvest crop 1920, 1000 lbs. White Portugal Onion Seed @ $1.25 per lb. F. O. B. Louisville." The order blanks were in the form of bill-heads, on which were printed certain conditions, one of which was as follows: "Wood, Stubbs & Co. give no warranty, express or implied, as to description, quality or productiveness or any other matter, of seeds, bulbs, plants, etc., they send out and will not in any way be responsible for the crop. If purchaser does not accept the goods on these terms they are to be returned at once." Defendant signed one of these blank orders and mailed it back to the plaintiff.

More than a year later, plaintiff shipped to the defendant 1000 pounds of onion seed, which were delivered by the carrier at defendant's warehouse on January 7, 1921. Defendant testified that the seed was packed in ten old bags, which were "needled and dirty" and "looked like the bags had been put up a year or two before." It appears without contradiction that the only way to test the quality of seed is to make a "germination test" which requires seven or eight days' time. Defendant made such a test and on

January 17, 1921, returned the seed to the plaintiff, with a letter stating that "the seed shows up in bad condition," that it "does not show up as new seed," and that he could not accept it "under the no-warranty that way." Plaintiff repacked the seed in other bags and in March, 1921, reshipped it to defendant, who refused to receive it from the carrier. It remained in the carrier's warehouse until May 20, 1921, when it was sold by the carrier to pay charges, plaintiff becoming the purchaser at such sale. Plaintiff then sued the defendant for his alleged "breach of a written contract to accept and pay for" such seed. Upon a trial before the court without a jury, plaintiff recovered a judgment for $976.27, and this appeal is prosecuted from that judgment.

The principal question raised by the arguments of counsel is whether, under the terms of the contract, in the light of the facts shown by the evidence, the defendant had the right, ten days after receiving the seed, to refuse to accept it and to return it to the plaintiff without liability.

If it were not for the two sentences in the contract which provide that plaintiff does not warrant the goods, and that "if the purchaser does not accept" them without any warranty, express or implied, "they are to be returned at once," the contract would not be substantially different from the ordinary contract made by an accepted order for the purchase of goods of a particular description to be acquired by the seller and shipped to the buyer over the lines of a common carrier. In such cases, if the buyer has had no opportunity to examine the goods before they are delivered to him by the carrier, he has the right, when he receives them, to inspect and examine the same; and if they are found not to answer the description of the goods he has ordered, he has the right, within a reasonable time, to reject them for noncompliance with the terms of the contract. (2 Mechem on Sales, sec. 1375; 23 R. C. L. 1432; 35 Cyc. 225.) Such inspection

must be made within a reasonable time, and what is a reasonable time is usually a question of fact, to be determined by a consideration of all the circumstances surrounding the transaction. (*Pierson v. Crooks,* 115 N. Y. 539; 2 Mechem on Sales, sec. 1377.) If the character of the goods is such that defects are not readily discoverable on a mere inspection, then the buyer is entitled to a reasonable time in which to test the quality of the goods. (2 Mechem on Sales, sec. 1378; 23 R. C. L. 1434; *W. F. Main Co. v. Field,* 144 N. C. 307.)

By the addition to the contract in this case of the two sentences requiring the buyer to return the goods "at once" unless he "accepts" them without warranty, defendant was warned that plaintiff did not warrant the seed in any respect. If it were not for this no-warranty clause, there would be an implied warranty that the seed were fit to sow and would germinate. (35 Cyc. 409.) With that implied warranty excluded by the terms of the contract, defendant was required either to accept the goods without any warranty, or to return them at once. It is obvious that no election of that character could be made by defendant until *after* he had received the seeds, and such right of election would be of no avail whatever to defendant unless he had sufficient time thereafter to make the usual inspection and test. Plaintiff so understood the matter. This is shown by the letter written by plaintiff to defendant after the goods were returned, in which plaintiff said: "We * * * expected you would test them before remitting." Plaintiff's vice-president testified that the only way to make a proper test of seeds is to make a "germination test," and that "it takes seeds around seven or eight days to germinate—sometimes ten days, depending on conditions." Defendant made such a test and immediately thereafter returned the goods, because he was unwilling to accept them "under the no-warranty" clause of the contract. This the contract not

only gave him the right to do but required him to do, unless he was willing to accept the seed without any warranty whatever.

The contention of plaintiff's counsel that the words "at once" used in the last sentence of the contract, required defendant to accept the seed or return the same "immediately upon receipt of the goods" without any but the most cursory examination, is not, in our opinion, a reasonable construction of the contract, in view of the evidence above stated. Such a construction would impose an unreasonable limitation upon the acknowledged right of defendant to test the seed in the only way that would make such right effective. The words "at once" must be construed to mean with such reasonable promptness as the nature of the case required, considering the character of the goods covered by the contract, the time required for making a germination test, and the situation of the parties, as well as the words employed to express their intention. We think the evidence shows that defendant acted with reasonable promptness under all the circumstances, and that the findings of the trial court to the contrary are manifestly against the weight of the evidence.

As defendant was specifically required to "return the goods at once," unless he elected to accept them without a warranty, it was sufficient for him to state on returning them, that they were returned because not warranted. The contract gave him the right to so elect and his reasons, though given, were not controlling, or material. Plaintiff imposed the condition that he must either accept the seed without a warranty or return the goods. There was no agreement that he must accept the seed if they proved, on test, to be merchantable, as contended by plaintiff's counsel. He had the option, or election, to return the goods because of the absence of a warranty, provided he did so within a reasonable time after he received them.

For the reasons stated, the judgment of the municipal court will be reversed with a finding of facts.

*Reversed with a finding of facts.*

GRIDLEY, P. J., and BARNES, J., concur.

Finding of facts. The court finds that defendant did not accept the seed in question upon the terms stated in the order for the shipment of the same, and that he returned such seed to the plaintiff within the time stipulated in such order.