Battle, J.
 

 The plaintiff was, in our opinion, entitled to the instructions which he .prayed, and his. Honor erred in refusing to give them. These instructions were, so far as the defendant could be affected by them, substantially the same, and were clearly required by the testimony. There was nothing in the case to show that if the defendant kept the plaintiff’s horse, beyond the day allowed for trying him, he was not, on account of his proving unsound, to pay the twenty-five dollars, the agreed difference in the value of the two horses. On the contrary, the testimony showed that the plaintiff was to pay fer the horse, if he should keep him after the two days trial. His Honor had no right to submit to the jury a view of the case not sustained by the evidence, nor by any fair inferences deducible from it.
 

 But, perhaps, it may be said, that it appeared from the testimony that the plaintiff’s horse was unsound, and that he ought not therefore to -be permitted to recover more than what he had already received, to wit, the defendant’s horse. To this the case of McEntire v. McEntire, recently decided in this Court, and reported in 12 Ired. 800, is a decisive answer. It was then held, after a thorough examination of the subject, that “when the property bargained for i» delivered, an action for the
 
 price .agreed on
 
 cannot be de
 
 *133
 
 feated, except in cases where, if the money had been paid, it might be recovered back in an action for money had and received. There must be a total failure of consideration, and not a mere right to damage.'’, although the damages may amount to the whole price.”
 

 In no Anew can the judgment be sustained, and it must be set aside, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam.
 
 Venire de novo,