THE EQUITABLE B. & L. ASSOCIATION v. HOFFMAN.

TWO CASES.

1. B. & L. ASSOCIATION—USURY.—The contracts in these cases were to be performed in Georgia and construed by the laws of that State, and under them are not usurious. Following *Equitable B. & L. A.* v. *Vance,* 49 S. C., 402.

2. IBID.—IBID.—If these contracts were construed under South Carolina laws, would they be held usurious?

3. ATTORNEY'S FEES—USURY.—Ten per cent. attorney's fees should be allowed when stipulated in a contract not usurious.

4. DECREE—INTEREST.—This decree construed not to deprive plaintiff from collecting interest on debt from date of decree to day of sale.

Before BUCHANAN, J., Edgefield, January, 1897. Modified.

Two cases by the Equitable Building and Loan Association against Annie D. Hoffman, to foreclose two bonds and mortgages. The Circuit Judge states the facts as follows:

Both of the above entitled actions were tried before me at Edgefield at the same time. They are both controlled by the same principles of law. They are both foreclosure suits, the only difference being that the amount involved in the second suit is much less than the sum sued for in the first. The actions were commenced by the service of copies of the summons and complaint upon the defendant on the 1st day

of October, 1895. The complaint in the first action is brought to foreclose a mortgage upon real estate, situate in this county, and given by the defendant to secure a bond executed by her to the plaintiffs on the 19th day of April, 1892, for the sum of $2,250. The bond is not in the words of an ordinary bond, but it is unusual in its phraseology. The conditions are in the following words: "The conditions of this obligation is such, that if the above bounded Annie D. Hoffman, her heirs, executors and administrators, or any of them, shall well and truly pay or cause to be paid unto the above named Equitable Building and Loan Association, its successors or assigns, the just and full sum of $2,250, on or before the 19th day of April, 1899, with interest thereon from the date thereof at the rate of six per centum per annum, payable on the third day of each month ensuing after the date hereof, in each and every year, until the whole of said principal sum be paid, to wit: $27 instalments per month on loan shares, and $11.25 interest per month, and shall comply with the by-laws of said association, which are made a part of this obligation, and shall pay all taxes and insurance premiums, as hereinafter provided, without fraud or delay, then the above obligation to be void, otherwise to remain in full force. And it is hereby understood and agreed, that the said Annie D. Hoffman binds herself, her heirs, executors and administrators, to keep the buildings erected or to be erected on the premises described in a certain deed of conveyance, executed by her and bearing even date herewith, and being collateral hereto, insured in some solvent insurance company against loss or damage by fire to an amount not less than $2,500, and shall assign the policy to be taken for such insurance to the obligee therein, or its successors or assigns, as collateral security thereto. And it is further understood and agreed, that in case the insurance above mentioned shall not be effected or continued in the manner above provided, then the said obligee, its successors or assigns, may effect or continue such insurance in the name of said obligee or otherwise, and the premiums paid

therefor shall be chargeable as a part of the principal sum hereby secured to be paid. And it is further understood and agreed, that said obligor shall promptly pay all taxes of every kind that may be assessed or levied upon said premises, and if he fails to do so, then said obligee may pay the sum, and the amount so paid shall in like manner be chargeable as part of principal sum hereby secured to be paid. And it is further understood and agreed, that in case any instalment or principal, or any part thereof, or any interest moneys, or any part thereof, hereby secured to be paid, shall remain due and unpaid for the space of six months after the same shall, by the terms hereof and the by-laws of said association, become due and payable, or any insurance premiums or taxes, paid by the obligee or its representative as aforesaid, shall not be repaid within thirty days after notice thereof to the said obligee, her heirs, executors, administrators or assigns, that then and thenceforth, that is to say, after the lapse of six months, or thirty days, as the case may be, the whole principal sum hereby secured to be paid, together with all arrearages of interest thereon, shall, at the option of said obligee, its successors or assigns, become due and payable forthwith, although the period first above limited for the payment thereof may not then have expired, anything herein contained to the contrary notwithstanding. And it is further understood and agreed, that in the event any default is made as aforementioned by the said obligator, and this obligation has to be forced by suit or placed in the hands of an attorney for collection, then said obligator agrees to pay all expenses connected therewith, and attorney's fees of ten per cent. on the amount due at the time under this obligation."

It will be seen that the bond provided for the payment of the principal sum of $2,250, on or before the 19th day of April, 1899, with interest at the rate of six per cent. per annum, but payable in monthly instalments of $27 per month on the principal (or loan shares), and $11.25 per month as the interest, and said monthly instalments were

to be paid on the third day of each and every month after the date of the said bond, until the principal of the bond shall be paid.    It is alleged in the complaint that the sum of $2,090.04 is still due upon said bond, with interest thereon from the first day of Octobec, 1895, together with $51 paid out for insurance and $41.02 paid out for taxes, with ten per cent. on the whole amount as attorney's fees.

The defendant, in her answer, denies that there is any amount due upon said bond, and alleges that the plaintiffs have charged and received a higher rate of interest than the law allows, and they were, therefore, entitled to recover the amount of the principal loaned, without interest or costs. The defendant also pleaded a second defense, by way of counter-claim, alleging that the plaintiffs have received $181.80, as interest, more than they were entitled to under the laws of this State, and they have violated the usury laws of this State, and by reason thereof have forfeited to the defendant the sum of $263.60, with interest thereon from the 5th day of December, 1894.

By an order of the Court, it was referred to the master to take the testimony and report the same.    The master had made his report, and therewith filed the testimony, and the case was heard upon the pleadings, evidence, and argument of counsel on both sides at the November term, 1896, of this Court.    I find from the evidence that the plaintiffs are a corporation under and by the laws of the State of Georgia, with its principal office in the city of Augusta, Ga., the time of the transaction herein referred to, were carrying on the business of loaning money in this State, with a branch office in Edgefield.    That on the 3d day of September, 1891, the defendant subscribed for forty-five shares of stock in the plaintiffs' company, and paid as "admission" fees therefor $45, and that the defendant thereafter, from and including the month of October, 1891, up to and including the month of April, 1892, paid to the plaintiffs on the third day of each month the sum of $27 per month as dues upon said stock, and that on the 19th day of April, 1892, the defendant bor-

rowed of the plaintiffs the sum of $2,250, for which she gave her bond mentioned in the complaint, which was secured by the assignment of her stock in the plaintiffs' company, and also by the mortgage on the real estate referred to in the complaint, and that the defendant did thereafter, for and including the month of May, 1892, up to and including the month of August, 1893, pay unto the plaintiffs monthly sums of $38.25 per month, of which amount $27 is called dues and $11.25 interest; and that the defendant, for and including the month of September, 1893, and for each month thereafter up to and including the month of December, 1893, paid unto the plaintiffs the monthly sums of $42.75, of which amount $27 was called dues and $11.25 interest, and $4.50 fines; all which payments of dues, interest, fines, and admission fees the plaintiffs have appropriated on this debt against the defendant, and claims a balance still due on said bond of $2,090.41, with interest thereon from the 1st day of October, 1895. The defendant, in her answer, alleges: I. That the plaintiffs have, in their contract with her, charged usurious interest, and hence that they are only entitled to recover the principal of their debt without interest or cost. II. That the plaintiffs have received usurious interest, and she, therefore, maintains they have, under the statutes, forfeited to her twice the amount of illegal interest so received.

After an exhaustive discussion of the cases upon the question of usury, he reaches the following conclusions of law:

That the plaintiffs are entitled to recover of the defendant in the first case the sum of $851.26, and in the second $180.20—$1,031.46. While I find that the plaintiffs have appropriated the payments made by the defendant to the payment in part of usurious interest, yet, as the whole amount of the bond has not been paid, I hold that the payments should be applied to reduce the principal of the debt. That the plaintiffs should not be allowed any interest, costs or fees, but that, under the circumstances, it is not a proper

case to impose the forfeiture provided for in sec. 1391 of the Revised Statutes.

From this judgment plaintiff appeals.

*Messrs. N. G. Evans* and *W. E. Jackson,* for appellant, cite: *Usury:* 49 S. C., 402; 24 S. E. R., 500. *Attorney's fees:* 36 S. C., 10; 28 S. C., 305, 534.

*Messrs. Croft & Tillman,* contra, cite: *Usury:* Rev. Stat., 1390; 31 S. C., 286; 64 Ala., 527; 15 S. C., 468; 45 S. C., 431; 21 S. E. R., 933. *Contract must be construed under S. C. laws:* 21 S. E. R., 926; 19 S. C., 590.

Sept. 2, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. These actions were commenced on the 1st of October, 1895, in the Court of Common Pleas for Edgefield County, to foreclose two mortgages executed by the defendant to the plaintiffs, on the 19th day of April, 1892, and the 11th day of May, 1893, respectively, to secure her bonds to the said plaintiffs of the same date. The two cases involved the same issues, and were tried together, before his Honor, Judge Buchanan, upon the testimony reported by the master. The facts are more particularly set out in the decree of his Honor, Judge Buchanan. The plaintiffs appealed upon the following exceptions: "1st. Because his Honor erred in holding that the contracts were to be performed in South Carolina, and was a South Carolina contract and governed by the laws of South Carolina, when he should have found that the two contracts were governed by the laws of the State of Georgia. 2d. Because his Honor erred in considering and deciding the question of usury under the laws of the State of South Carolina, when he should have considered and decided said question under the laws of the State of Georgia. 3d. Because his Honor erred in deciding and holding that the contracts were usurious. 4th. Because his Honor erred in holding that the contracts, under the laws of Georgia, were not usurious, and no penalty could

attach to the plaintiffs.  5th.  Because his Honor erred in not allowing the plaintiffs ten per cent. attorney's fees, when the contracts distinctly specified that ten per cent. attorney's fees should be allowed, if the contracts were forced to collection by an attorney.  6th.  Because his Honor erred in holding that the amounts paid monthly on the shares of the defendant should be applied to reduce the principal of the debt.  7th.  Because his Honor erred in finding that there was due by the defendant to the plaintiff on both of said contracts the total sum of $1,031.46.  8th.  Because his Honor erred in not allowing the plaintiff interest on the amount found due by him, from date of filing of the decree up to the date fixed for the sale of the real estate."

The facts in these cases are in no respect materially different from those in the case of *Equitable Building and Loan Association* v. *Vance*, 49 S. C., 402, except that one of the bonds herein contains the following provision: "It is further understood and agreed, that this obligation is a Georgia contract, and in all respects subject to and governed by the laws of Georgia."  That case is decisive of all the questions raised by the exceptions, except the 5th and the 8th.

We do not wish to be understood, however, as assenting to the doctrine, that if the contracts were to be construed with reference to the laws of South Carolina instead of Georgia, they would not be usurious.

The 5th exception will now be considered.  The bonds provide for the payment of attorney's fees of ten per cent., and as the contracts are held not to be usurious, it follows that there was error in not allowing such fees.

We will next consider the 8th exception.  This exception seems to have been taken under a misapprehension as to the effect of the judgment of foreclosure, as we fail to find where his Honor decided that the plaintiff was not entitled to interest, from the date of filing of the decree up to the time fixed for the sale of the property.

It is the judgment of this Court, that the judgment of the Circuit Court be modified so as to conform to the views herein announced.

MR. JUSTICE JONES concurs in the result.