I. S. ROBINSON v. ED. D. HUFFSTETLER.

(Filed 6 May, 1914.)

1. Vendor and Purchaser—Contracts—Conditions of Warranty—Return of Goods.

Where there is a warranty of personal property, with express provision that the property shall be returned if not found to be as warranted, within a certain fixed time, this provision is a condition annexed to the contract, precluding the vendee from any redress under the terms of the warranty unless the property is returned within the time specified.

2. Same—Trials—Instructions—Conflicting Evidence.

The plaintiff and defendant exchanged mules, and the evidence was conflicting, on the plaintiff's part, as to whether the defendant warranted the mules he gave in exchange as being sound, and if not as warranted, to be returned within a reasonable time, and on the defendant's part, whether, if the mules were not as warranted, they should be returned within a week, which was not done. A charge of the court is held for reversible error, that if the defendant warranted the mules to be sound when they were not, to answer the issue in the plaintiff's favor, for it disregarded the defendant's evidence, that as a condition annexed to the warranty, the mules were to be returned within a week, which admittedly was not done, and withdrew that phase of the evidence from the consideration of the jury.

3. Vendor and Purchaser—Contracts—Warranty—Return of Goods—Reasonable Time—Trials—Questions for Jury.

Where a warranty in a sale of goods only provides for the return of the goods to the vendor, if not as warranted, they should be returned by the purchaser within a reasonable time

for him to get redress under the terms of the contract, it being for the jury to determine what length of time is reasonable under the surrounding circumstances.

4. **Vendor and Purchaser — Contracts—Warranty—Breach—Return of Goods—Damages.**

Upon the vendor's breach of his warranty in an executed agreement for the sale of goods, the purchaser may return the goods in a reasonable time, and recover the consideration he has paid for them; or he may retain the goods and recover such damage as he may have sustained arising from the breach of the vendor's warranty.

Appeal by defendant from *Webb, J.,* at October Special Term, 1913, of Gaston.

This action is to recover two mules.

The plaintiff testified in substance that he and the defendant exchanged mules; that the defendant warranted his mules to be sound, and agreed that if they were not sound the plaintiff might return them, and get his own mules; that the mules were not sound, and that he offered to rescind the trade on the eighth day after the exchange.

The contention of the plaintiff is that the warranty is one of quality; that he had a reasonable time within which to examine the mules; that he acted within a reasonable time, and that he is entitled to recover the mules he originally owned.

The defendant testified in substance there was an exchange of mules between him and the plaintiff; that he told the plaintiff his mules were sound as far as he knew, and agreed if he, the plaintiff, was dissatisfied he might return them within one week. He also offered evidence tending to prove that the mules were sound.

The first issue submitted to the jury was as to the ownership of the mules by the plaintiff, upon which his Honor charged, among other things:

"If you find that there was a contract, and if you further find that there was no fraud in bringing about such contract, yet if you find that there was a breach of warranty as to quality— that is to say, if the defendant guaranteed that the mules which

he offered to sell were sound when they were not sound—then you would answer the first issue 'Yes,' " and the defendant excepted.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*George W. Wilson for plaintiff.*
*Mangum & Woltz and A. C. Jones for defendant.*

ALLEN, J.   When personal property is sold by sample, or upon a representation as to quality, *which does not amount to an express warranty,* the purchaser is given a reasonable opportunity' for inspection and examination, and if not according to the sample or representation, he may reject them when tendered, or return them after delivery, provided he acts within a reasonable time, and can recover anything of 'value parted with as the consideration for the trade.

What is a reasonable time is dependent upon conditions and circumstances, as in some cases the defect may be discovered by inspection, while in others trial and use would be necessary.   If the purchaser retains the property, after such reasonable opportunity for discovering the defect has been afforded him, he cannot, under ordinary circumstances, be heard to complain, and it will be assumed that he has accepted the property as a compliance with the contract of sale.

These positions are fully sustained by the case of *Parker v. Fenwick,* 138 N. C., 209.

If, however, there is *an express warranty as to quality,* there is much conflict of authority as to the rights of the purchaser. All seem to be agreed, if the warranty is false, that so long as the contract is executory the purchaser may, upon discovery of the defect, rescind the contract and recover anything paid out or parted with as the consideration for it, or he may accept and recover damages for breach of the warranty; but if the contract is executed there is a difference of opinion as to the rights of the purchaser, a majority of the courts holding in such case that his remedy is on the warranty.

The doctrine is stated in 35 Cyc., 434, with ample citation to support the text.

"In the absence of an agreement giving him the right to return the goods, it is the rule in most jurisdictions that the buyer in an executed contract of sale of goods cannot on a breach of warranty return the goods, his remedy in such case being on the warranty. On the other hand, in other jurisdictions it has been held that the buyer may resort to either remedy, and his right is recognized generally when the sale is executory."

Among the courts holding that the purchaser may resort to either remedy are those of California, Iowa, Kentucky, Maine, Maryland, Massachusetts, Missouri, Nebraska, Oklahoma, and Wisconsin; and while the question has not been discussed fully and the distinctions noted in our reports, we have at least three cases in which it is either held that the purchaser may pursue either remedy or the right is assumed to exist.

In *Kester v. Miller Bros.,* 119 N. C., 476, the plaintiffs sold the defendants an engine, with a warranty as to quality, and after acceptance of the engine and its use it was discovered that it was defective, and speaking of the rights of the purchaser, the Court says:

"The defendants, when they discovered the defect in the engine, had the right to reject it and bring an action against the plaintiffs for such damages as they had sustained by reason of the plaintiffs' nonperformance of the contract, if they chose so to do; or they could have kept the engine and set up by way of counterclaim against plaintiffs' demand for the contract price the breach of warranty in reduction."

Again in *Manufacturing Co. v. Gray,* 124 N. C., 325:

"If the property purchased is present and may be inspected, the warranty is collateral to the contract and the title to the property immediately passes to the purchaser. And if the warranty is false, the purchaser's redress is an action for damages upon the warranty. But if the property is not present, where it might be inspected, the warranty may be treated as a condition precedent, as well as a warranty. And if the property purchased is not what it was warranted to be, the purchaser, upon

delivery of the property, may treat the warranty as a condition precedent and refuse to receive or accept the property, and notify the party from whom he purchased; and if he has not paid for the property, he need not do so; and if he has paid the purchase money or any part of it, he may recover the money so paid from the seller. The purchaser is not compelled in all cases to reject the property, at once, upon its receipt. If it is machinery, he has a reasonable time to operate the machinery for the purpose of testing it."

And in *Critcher v. Porter Co.,* 135 N. C., 547, which was dealing with a contract for the sale of an engine with warranty:

"If the plaintiff had, immediately upon the receipt of the engine, ascertained that it did not develop 25 horse-power as warranted to do, rejected it, or, as he expresses it, 'put it aside,' notifying the defendant thereof, it is clear that he would have been entitled to recover the amount paid and to a cancellation of his notes and the trust deed, together with such damage as he sustained and which were within the contemplation of the parties in his effort to use it."

The use of the word "immediately" impairs the force of the last quotation, but when considered in connection with the context, it appears that the defect—the failure to produce certain power—would not appear at once, but only after delivery and by use.

The rule is, however, further modified when there is a warranty and an agreement to return the property if not as warranted.

This qualification is stated to be that "The contract of warranty may, however, provide that if the article fails to fulfill the warranty, it shall be returned to the seller, and in such case the condition is part of the warranty and must be complied with, and the fact that within the time stipulated notice of dissatisfaction is given will not relieve the buyer from the conditions of the contract. The condition may be that the article shall be deemed to fulfill the warranty unless returned within a specified time. Under such conditions, if the buyer retains the goods he cannot avail himself of the breach, either in an action for dam-

ages or by way of recoupment or counterclaim. If the provision of the contract is not imperative, but merely permits the buyer to return the property, he may, at his election, resort to that remedy or his remedy on the warranty, the remedies being cumulative. So, too, the contract may impose on the seller the duty of remedying defects or taking back the machine, in which case it is not incumbent on the buyer to return the machine in order to avail himself of the breach of warranty as a defense in an action for the price. The purchaser is entitled to a reasonable time within which to test the articles purchased for defects, and to return them if not as warranted. If the contract specifies the time within which return shall be made, a compliance with the contract in this regard is necessary." 35 Cyc., 437 *et seq.*

It is the same principle applied in *Manufacturing Co. v. Lumber Co.,* 159 N. C., 510.

It seems, therefore, to be settled that when there is an express warranty in the sale or exchange of personal property, and it is a part of the contract of sale that the property is to be returned within a specified time, if not as warranted to be, that the complaining party can have no redress by reason of the warranty, in the absence of fraud, without offering to return the property within the time named.

If so, the charge of his Honor is erroneous. The plaintiff and defendant agree that there was a contract between them for the exchange of mules, and the only differences between them as to the terms of the contract are, first, the plaintiff says the defendant warranted the mules to be sound, while the defendant says he warranted them to be sound as far as he knew; second, the plaintiff says it was agreed that if the mules exchanged were not as warranted to be, and either party was dissatisfied, they would rescind the contract, each party taking the mules he originally owned, while the defendant says that the time within which this right to rescind the contract could be exercised was restricted to one week.

The plaintiff did not offer to return the mules he got from the defendant until after the expiration of one week from the trade.

R. R. *v.* CARPENTER.

The charge given presents only the contentions of the plaintiff upon this difference as to the terms of the contract, his Honor telling the jury, in the absence of fraud, if they found from the evidence that the defendant guaranteed the mules to be sound, when they were not, they would answer the first issue, as to the ownership of the mules, "Yes," which, if ordinarily a correct statement of the law, would not be true if the parties by agreement had limited the time within which the contract could be rescinded to one week.

The charge is predicated upon the assumption that the plaintiff's version of the contract is correct, and ignores the evidence of the defendant, which he had the right to have considered by the jury.

It is unnecessary to consider the other exceptions, as a new trial is ordered on account of the error pointed out.

New trial.