Action upon three notes, aggregating $3,000, given for the purchase of a German coach stallion. The notes were executed to J. Crouch Son, and indorsed by them to the plaintiffs, who claim to be purchasers for value before maturity. The defendants allege that the notes were procured by fraud, and that the plaintiffs took the notes with notice.
There was a verdict and judgment in favor of the defendants and the plaintiffs appealed.
We find no error in the exceptions relied on by the plaintiffs, which we have carefully examined, and as the legal principles involved have been so recently considered in the various appeals from judgments in actions to recover on notes for the purchase price of stallions it is unnecessary to further discuss them.
The evidence excepted to was competent and material on the issue of fraud, and when fraud was established it had the effect of casting the burden on the plaintiffs, as holders of the notes, of showing that they acquired them (1) before maturity, (2) in good faith for value, (3) without notice of any infirmity or defect in the title of the person *Page 90 
negotiating them (Bank v. Fountain, 148 N.C. 590), and it also set aside the contract in its entirety, including the stipulation to return the horse, proved to be practically worthless, and to receive another of "equal value" to the one represented.
(48) In cases like Manufacturing Co. v. Lumber Co., 159 N.C. 510, and Robinson v. Huffstetler, 165 N.C. 464, where "contracts of sale or return" were enforced, the party aggrieved was not attacking the contract, but was declaring on the warranty.
We are also of opinion that there is evidence that the plaintiffs had notice of the fraud equally strong as that commented on and discussed in the learned opinion of Associate Justice Walker in Bank v. Branson,165 N.C. 346.
There was also no error in refusing to require the jury to answer an issue as to indebtedness, as the plaintiffs bought nothing except the notes and had no interest in the horse, and the plaintiffs were entitled to no judgment as the jury found the notes were procured by fraud, and that the plaintiffs took with notice of the infirmity.
No error.
Cited: Starnes v. R. R., 170 N.C. 225 (2f); Bank v. Sherron, 186 N.C. 299
(1f).