## FITZGERALD COTTON MILLS v. HOLT, GANT & HOLT COTTON MANUFACTURING COMPANY.

(Filed 24 November, 1915.)

**Contracts—Warranty—Breach—Pleadings—Evidence—Variance.**

Where the defendants set up a breach of warranty in an action upon contract to deliver a certain number of pounds of "14 single cotton warps" at a certain price per pound, and there is no evidence of express warranty, and the defendant admits the delivery and use of the "warps," evidence only tending to show unskilled workmanship in the manufacture of the "warps" and defects in their quality, without claim that they were worthless, does not support the allegation in the answer, and the counterclaim will be disallowed as a matter of law. *Robinson v. Huffstetler,* 165 N. C., 459, cited and applied.

APPEAL by defendant from *Lyon, J.,* at May Term, 1914, of GUILFORD.

Action to recover the purchase price of certain cotton warps sold by the plaintiffs to the defendant, in which the defendant sets up a counterclaim on account of an alleged breach of warranty.

The warranty alleged in the answer is as follows: "That the plaintiff and the defendant entered into a contract on or about 13 December, 1913, by which the plaintiff was to deliver to the defendants at Glen Raven, their factory near Elon College in Alamance County, in the State of North Carolina, 50,000 pounds of 14 single cotton warps at 21¼ cents per pound; that the said cotton warps were to be delivered to the defendants in installments."

There was evidence on the part of the defendant of unskillful workmanship in the manufacture of the warps, and of defects in their quality, but no evidence that they were not "14 single cotton warps" or that they were worthless.

The defendant used the warps from time to time and paid for all except the last shipment.

The jury · answered the issue on the counterclaim in favor of the defendant, and his Honor set aside the finding as matter of law, and rendered the following judgment:

This cause coming on to be heard· at the May Term, 1915, of the Superior Court of Guilford County, before his Honor, C. C. Lyon, judge, and a jury, and being heard,. and the jury having answered the issues submitted as follows:

1. Is the defendant indebted to plaintiff? If so, in what amount? Answer: "Yes; $411.31, with interest from 28 February, 1914."

2. Is the plaintiff indebted to the defendant on counterclaim? If so, in what amount? Answer: "$225."

On motion of counsel for plaintiff, the court set aside the jury's finding as to the second issue, on the ground that the pleadings and evidence were not sufficient to support a breach of warranty, and rendered judgment for plaintiff on the first issue, as follows: It is hereby ordered, adjudged, and decreed that the plaintiff, the Fitzgerald Cotton Mills, recover judgment of the defendant, the Holt, Gant & Holt Cotton Manufacturing Company, in the sum of $411.31, with interest thereon from 28 February, 1914, and for the costs of this action, to be taxed by the clerk.                              C. C. LYON,
                                                   *Judge Presiding.*

The defendant excepted and appealed.

*Alfred S. Wyllie for plaintiff.*
*John A. Barringer for defendant.*

PER CURIAM.. The evidence offered by the defendant tending to prove a breach of warranty does not support the allegations of the answer, in which it is not alleged that there was a breach of warranty as to workmanship or quality, and as the defendant used the warps, the case is controlled by *Parker v. Fenwick,* 138 N. C., 209, and *Robinson v. Huffstetler,* 165 N. C., 459.

No error.