J. A. FAY & EAGAN COMPANY v. G. EDWARD CROWELL.

(Filed 30 November, 1921.)

**1. Vendor and Purchaser—Contracts—Warranty—Conditions Precedent.**

Where under a written contract for the sale of machinery the purchaser has agreed that his receipt thereof and retention for more than thirty days shall be considered an absolute acceptance, his retaining them beyond the time specified will be regarded as an admission that the machinery was as warranted, and conclude his right of action thereon, in the absence of fraud, accident, or mistake.

**2. Same—Waiver.**

Where there is a stipulation in a written sale of machinery that it shall be returned by the purchaser in case it was not as represented, the purchaser is entitled to no redress in the event of a breach by the seller of his warranty, unless he has first offered to perform the condition in the absence of fraud or of such conduct as amounts to a waiver by the seller.

**3. Same—Inferior Quality.**

A contract for the sale of machinery, free from ambiguity or fraud, accident or mistake, is binding upon the purchaser under conditions requiring him to return the machinery if not as warranted, within a stated time, or providing that its retention beyond that period would be regarded as an absolute acceptance; and this applies when the purchaser has retained the machinery beyond the stated time and attempts to claim damages for the seller's breach of warranty in sending a different machine, or one of inferior quality, to that agreed upon.

APPEAL by plaintiff from *Ray, J.,* at February Term, 1921, of STANLY.

Civil action to recover balance due on ten promissory notes executed by the defendant and delivered to the plaintiff for a certain quantity of mill machinery. Defendant denied full liability, and alleged that said notes "would have been paid in full if the plaintiff had given defendant proper adjustment and offsets on the machine No. 257, known as the resaw, on account of the defects in said machine as hereinbefore fully set out." Defendant also alleged that the machinery shipped was differ-

ent from and less valuable than that which he had ordered; and that the same was defective in certain particulars, said defects being set up and pleaded by way of counterclaim.

Upon issues submitted, the jury returned the following verdict:

"1. In what sum, if any, is the defendant indebted to the plaintiff? Answer: '$1,010, with interest on same from 8 February, 1919.'

"2. Did the plaintiff ship the defendant a different band resaw machine from that ordered under the contract of 23 January, 1919? Answer: 'Yes.'

"3. What difference in value, if any, was there in the machine shipped by the plaintiff and the one contracted for by the defendant? Answer: '$250.'

"4. What damage, if any, is defendant entitled to recover on the counterclaim? Answer: '$150.'"

From a judgment reducing the amount of plaintiff's recovery in accordance with the jury's answer to the third and fourth issues, the plaintiff appealed.

*Sinclair, Dye & Clark for plaintiff.*
*R. L. Smith & Son for defendant.*

STACY, J. On 23 January, 1919, the plaintiff, through its agent, sold to the defendant a certain quantity of mill machinery, guaranteeing the same in every respect; and, in payment therefor, it was agreed that the plaintiff would accept in exchange the defendant's second-hand machine as part payment, $525 in cash, and his promissory notes for the balance. The contract was in writing and contained the following stipulation: "That in case of rejection the undersigned will promptly deliver it (the machinery) to consignor, f. o. b. Cincinnati, Ohio; that this contract is not modified or added to by any agreement not expressly stated herein, and that a retention of the property forwarded, after thirty days from its arrival at destination, shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and a fulfillment of all its contracts of warranty, express or implied."

Within thirty days after the receipt of said machinery the defendant notified plaintiff's agent by wire that the same was not satisfactory, and asked him to "come to Oakboro at once in regard to resaw." The agent did not come, but immediately called over the telephone; and, in answer to plaintiff's inquiry about a missing hand-wheel, stated that this was not necessary, as the machine was equipped with a "lever-shift." Defendant further testified: "Later on in the year Mr. Whitlock (plaintiff's agent) came up. I told him about it and showed him the machine,

and told him the defect, and he said he would have it adjusted. He never said a word about it not being the machine he sold. I told him it was not the machine, and he said they would have it fixed. I never had any other negotiations with them. Never heard anything, and they didn't fix it. I had no more negotiations with the company in regard to the machine after that; it just rocked along. I was waiting on them."

The defendant continued to use the machine and still has it in his possession. There is no contention about the balance of the machinery. The "resaw" alone is in controversy. After the property had been used for several months, the defendant made a further payment of $50 on one of the notes; and he says the payments already made are sufficient to cover the value of the machinery, not including the resaw.

The agreement between the parties to this suit in regard to the subject-matter of the action is in writing. It is clear and free from any ambiguity. Hence, both sides must stand or fall by the terms of the written instrument—there being no claim or suggestion that the contract was entered into as a result of any fraud, accident, or mistake. *Harvester Co. v. Carter,* 173 N. C., 229; *Machine Co. v. McClamrock,* 152 N. C., 405. In some of the cases and by a number of writers it has been styled a "contract of sale and return" (*Mfg. Co. v. Lumber Co.,* 159 N. C., 507); because it is stipulated as a part of the warranty that the goods shall be promptly returned if not as represented. It is further specified that a retention of the property for more than thirty days after its arrival at destination shall constitute an absolute acceptance, etc. This may not have been a very wise provision, but the parties have so contracted, and it is but meet that they should abide by whatever obligations they have voluntarily assumed. *Burch v. Bush,* 181 N. C., 125. This is the law of contracts fairly and freely made. *Clancy v. Overman,* 18 N. C., 402; *Bland v. Harvester Co.,* 169 N. C., 418; *Guano Co. v. Livestock Co.,* 168 N. C., 447, and cases there cited. Any other rule would render all business transactions relating to sales of personal property unsafe and subject vendors to many hazards, and possibly grievous burdens. *Parker v. Fenwick,* 138 N. C., 209. The retention by the defendant of the property during the time referred to in the above stipulation amounted to an admission that the representations made by or for the plaintiff were true and avoided all warranties. *Fay & Eagan Co. v. Dudley,* 58 S. E., 826 (which, by the way, is a case on all-fours with the one at bar and involving the identical contract now before us).

It has been the settled holding with us, in a long line of decisions, that where there is an express warranty in the sale of personal property, and it is stipulated as a condition of the contract of sale that the property is to be returned within a specified time, if not as represented, the complaining party is entitled to no redress by reason of a breach of the

warranty, in the absence of fraud or a waiver of the condition, without first offering to return the property within the time fixed by the contract. *Robinson v. Huffstetler,* 165 N. C., 459, and cases there cited. See, also, 35 Cyc., 437.

In the absence of fraud, this rule applies equally to a case where the goods delivered are different from, and inferior to, those sold, as where the property, though corresponding in description with the article purchased, is defective or wanting in quality. If the vendor tender goods of less value than those purchased, the vendee is not bound to accept them. But if he does accept them, under the terms of his agreement, he is deemed to assent to a fulfillment of the contract on the part of the vendor. *Pierson v. Crooks,* 115 N. Y., 539. And in the instant case such acceptance and retention afford a "conclusive admission of the truth of all representations made by or for the consignor, and a fulfillment of all its contracts of warranty, express or implied." See, also, *Farquhar Co. v. Hardware Co.,* 174 N. C., 369, and *Ward v. Liddell, ante,* 223, and cases there cited.

The Supreme Court of Utah, in a comparatively recent case, states the law with clearness as follows: "The rule is well established that when the quality of an article sold is guaranteed by warranty, one of the conditions of which being that, in case of a defect being discovered, the seller shall be liable only on condition of the production or return of the defective article, such condition is a condition precedent, and must be complied with or there can be no recovery (citing authorities). The rule deduced from the authorities is that when the parties have not stipulated as to the course which shall be taken in case of a failure of the warranty, the vendee has his election either to sue on the warranty or to rescind the contract by returning the property and bringing an action for the money received by the seller. But it is competent, however, for the parties to provide by contract that a particular course shall be pursued on a failure of the warranty." *Wasatch Orchard Co. v. Morgan Canning Co.,* 12 L. R. A. (N. S.), 540. See, also, *Frick v. Boles,* 168 N. C., 654, and cases there cited.

In the light of the foregoing authorities, and upon the record, we think his Honor should have directed a verdict in favor of the plaintiff for the balance due on the unpaid notes.

New trial.

WALKER, J., dissenting.