12911

COLUMBIA WEIGHING MACHINE CO. v. MURPHY

(153 S. E., 168)

*Messrs. J. C. Long* and *M. L. McCrae,* for appellants,

*Messrs. Joseph Fromberg* and *J. Wengrow,* for respondent,

May 1, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action upon an alleged written contract which the plaintiff claims that the defendant signed and which it accepted, for the sale and purchase of a weighing machine at the price of $180, payable $15.00 per month. The plaintiff shipped the machine to the defendant at Charleston. Upon its arrival the defendant was notified thereof, but refused to accept delivery upon the ground that the plaintiff had drawn upon him for $15.00 monthly payment, when the agreement between him and the salesman was that the monthly payments would not exceed $10.00 each.

The contract was introduced in evidence by the plaintiff, without objection on the part of the defendant, and was produced and admitted upon the hearing in this Court. It was printed in full with the exception of the date, December 8, 1927, and the signature of the defendant which he admitted upon the trial. At two places upon the face of the printed contract it appeared in prominent type and places, identical with the remainder of the contract the plain stipulation that the payments were to be $15.00 per month, the first payment to be made within forty days from the date of arrival of the machine.

The shipment was made on December 22, 1927; arrived in Charleston on December 24th; the defendant was notified of its arrival, but refused it upon the ground as stated that the monthly payments were $10.00 and not $15.00. Notice of this contention was given to the delivering carrier and to the bank presenting draft for $15.00, but not to the plaintiff so far as the evidence shows. The presentation of the draft

must have been at least forty days after the arrival of the shipment, as the first payment was not due until that time had elapsed.

The contract provided that the defendant at any time within 30 days after arrival might return the shipment to the plaintiff "with or without reason." He failed to take advantage of that option and lost the benefit of it under the terms of the contract.

At the conclusion of the testimony upon motion of the counsel for the plaintiff, his Honor, Judge Rice, directed a verdict in favor of the plaintiff, and the defendant has appealed.

In view of the evidence, his Honor was entirely justified in the direction of a verdict for the plaintiff. When the defendant admitted the contract in evidence and his signature thereto, he was bound by its terms.

The judgment is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.