13304

COLUMBIA WEIGHING MACHINE CO. v. RHEM

(162 S. E., 427)

This order is subject to acceptance by the Company at its home office at New York City, which it is agreed shall become the place of contract, and be governed by its laws.

*Messrs. C. W. Muldrow* and *J. M. McIntosh,* for appellant,

*Mr. P. H. McEachin,* for respondent,

December 15, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

This action was on a written order or contract for the purchase price of a weighing machine, purchased by the defendant from the plaintiff in March, 1928. The contract set out in the transcript of record on which the action was based, will be reported.

The defendant defended on two grounds: (1) His illness as an excuse for noncompliance with the terms of the sale

contract, and (2) failure of consideration due to breach of implied warranty.

The result of the trial in the Civil Court of Florence County, to which Court the case had been transferred from the Court of Common Pleas of that county, at the September, 1930 term, was a verdict of the jury in favor of the defendant.

The plaintiff has appealed to this Court upon ten exceptions. We shall consider only those which we think necessary for a proper determination of the main questions raised, and it is not required that even these be stated in detail.

Incidental questions relate to the rulings and holdings of the trial Judge as to the place of performance of the contract and the introduction of decisions, reported by the West Publishing Company, of St. Paul, Minn., from Appellate Courts of the State of New York.

The plaintiff accepted the order at its offices in New York, and shipped the weighing machine to defendant on March 30, 1928. The defendant admitted signing the order and receiving the machine, that the machine was not returned within the thirty days after its arrival in Florence, and that he had never paid anything on the contract price.

By the express terms of the contract, New York was the place of contract, and the instrument should be governed by its laws. *Welling v. Eastern Building & Loan Association of Syracuse, N. Y.*, 56 S. C., 280, 34 S. E., 409; *Columbian Building & Loan Association v. Rice et al.*, 68 S. C., 236, 47 S. E., 63, 1 Ann. Cas., 239; *Equitable Building & Loan Association v. Corley*, 72 S. C., 404, 52 S. E., 48, 110 Am. St. Rep., 615; *Equitable Building & Loan Association v. Vance*, 49 S. C., 402, 27 S. E., 274, 29 S. E., 204; *Equitable Building & Loan Association v. Hoffman*, 50 S. C., 303, 27 S. E., 692.

The decisions of the Courts of New York, as reported in the New York Supplement of the National Reporter system, offered by plaintiff, should have

been admitted and considered by the trial Judge under Section 731, Vol. 1, Code of 1922. But the Court could only have considered the decisions offered or introduced in evidence. *Free v. Southern Railway*, 83 S. C., 178, 65 S. E., 212.

The main question relates to the refusal of the Court to direct a verdict, in favor of the plaintiff. The motion was made on the grounds that the defendant admitted signing the contract, which was admitted in evidence without objection; that the weighing machine was shipped in compliance with the contract, received and installed by defendant; that the machine was not returned within thirty days after its arrival; and that no part of the purchase price had been paid.

The evidence shows without doubt that the defendant signed the contract, which was admitted in evidence without objection by him. He is bound thereby. *Columbia Weighing Machine Co. v. Murphy*, 156 S. C., 322, 153 S. E., 168.

By reference to the contract, it will be seen that defendant was given thirty days from the date of the arrival of the machine in which to return same with or without reason. There is no provision for an extension of time in which to return said machine in case of illness on the part of defendant, or other cause. At any time within the thirty days, defendant had the right to return the machine at plaintiff's expense, even though he found it to be accurate and perfect in its operation. He failed to exercise that option, and, after the expiration of the thirty-day period, the doors were closed. Time was of the essence of the contract, unless waived by plaintiff. *Jennings v. Bowman*, 106 S. C., 455, 91 S. E., 731, 6 R. C. L., 898, § 285.

Was there any evidence of waiver by plaintiff? The only evidence of waiver offered was that plaintiff sent a man to adjust the machine several months after its arrival. This Court said in *International Harvester Co. v. Law*, 105 S. C., 520, 90 S. E., 186, quoted with

approval in *Knight v. Merritt Engineering & Sales Co.*, 151 S. C., 303, 149 S. E., 20, 21: "But defendant relies upon waiver, his contention being that, because plaintiff waived its right to refuse to do anything, and furnish parts, and sent experts to work on the engine after its obligation to do so had terminated, it thereby revived its legal liability under the contract. It would be novel doctrine to hold that one or more acts of friendly assistance, done by a dealer in pursuance of the good business policy of trying to keep his customers satisfied, should create a legal obligation to do others, or should have the legal effect contended for in the case. If the contract had not been in writing, and there had been a dispute as to its terms, these acts might have been relied upon as evidence tending to show that plaintiff thought they were obligatory, and therefore as evidence of the construction put upon the contract by plaintiff, and circumstantially of the intention of the parties. But the contract is in writing, and is not ambiguous, and it shows that such was not the agreement of the parties. The principle of waiver, which, with respect to contracts, connotes the relinquishment of a right under an existing or executory contract is not applicable to the undisputed evidence in this case. As plaintiff's liability under the contract had expired, when the acts proved were done, they cannot have the legal effect of modifying the terms of the contract which had already been executed, or of creating a new liability under it. Therefore plaintiff's motion for a directed verdict for the amount due on the note should have been granted."

There was error in submitting the question of waiver to the jury under the facts as proved.

Defendant contends, however, that there was a breach of implied warranty, which was a question for the jury.

It is true that selling for a sound price raises an implied warranty that the thing sold is free from defects known and unknown, and that such implied warranty is not excluded by a written contract. *Southern*

*Iron & Equipment Co. v. Railway Co.,* 151 S. C., 506, 149 S. E., 271, and cases there cited. But this means defects known or unknown to the seller and not those known to the purchaser. The contract in question did not undertake to warrant the machine. But it did give defendant thirty days in which to use the machine. Within that time he says he discovered the defects complained of, but failed to return the machine, as was his privilege. By not returning the machine within the thirty days, defendant elected to keep same. He knew of the alleged defects at the time of such election. There is no implied warranty on the part of the seller against defects known to the purchaser.

Under the undisputed facts proved at the trial, we think that plaintiff's motion for a directed verdict should have been granted.

The judgment of this Court is that the judgment of the Civil Court of Florence be, and the same is hereby, reversed, and the cause is remanded to that Court, with instructions that a verdict in favor of the plaintiff be entered as provided by rule 27 of this Court.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.

MR. JUSTICE COTHRAN did not participate on account of illness.