16501

BRANYAN & PETERSON, INC., v. FAIRFAX MFG. CO.
(65 S. E. (2d) 229)

*Messrs. Rosen & Horger,* of Orangeburg, *for Appellants,*

*Messrs. Moss & Moss* and *C. E. Summers,* of Orangeburg, *for Respondents,*

May 11, 1951.

STUKES, Justice.

This action was brought in equity to foreclose a chattel mortgage upon sawmill machinery and incidentally upon an account which included other items which were also sold and delivered by plaintiff to defendant. The latter pleaded by way of offset the expenses incurred by it in repair of one of the articles, a purportedly reconditioned A-4 Matcher and Planer, which was necessary before it could be used for the purpose for which it was sold. Further offset was claimed by reason of the reconditioning and sale of fire-damaged machines which were delivered at the same time by the defendant to the plaintiff. The latter contract rested in parol and was the subject of controversy in the testimony.

The written contract of purchase and sale of the matcher contained the following provision: "that in case of the rejection for good and sufficient cause of the property above mentioned, the buyer will promply redeliver the same in good order to the seller, F. O. B. orginal shipping point, and the buyer waives all claims for damages; that this contract is not modified or added to by any agreement not expressly stated herein; that it is stipulated, without prejudice to any rights of the seller under the other terms of this contract, that a retention of the property forwarded, after thirty days from date of shipment shall constitute an acceptance, be a conclusive admission of the truth of all representations made by or for the seller, and void all its contracts of warranty, expressed or implied."

The case was referred generally to the county judge who took and reported the evidence and findings. He concluded that both offsets were established and amounted in the ag-

gregate to more than the claim of plaintiff, wherefore he recommended to the court that the complaint be dismissed. He found waiver by plaintiff of the above quoted provision of the sales contract, which is the point upon which the case turns. Upon exceptions to the report of the referee the court affirmed the finding of offset with respect to the damaged machinery which defendant turned over to plaintiff for repair and sale, and there is no appeal here thereabout. However, the court reversed the referee with respect to waiver of the quoted provision of the sales contract and rendered judgment for plaintiff, from which defendant has appealed. Both lower fact-finders found that there was a breach of plaintiff's warranty with respect to the matcher, but the court concluded that the defendant was without remedy because it was bound by its retention of the property for thirty days after delivery whereby the seller's liability under its warranty was terminated. The appeal is therefore limited to the query, was there proof of waiver by plaintiff of the contract provision?

The used and supposedly reconditioned machine, the contract price of which was $7,500.00 plus carriage charges, was delivered by motor truck from plaintiff's place of business in Memphis, Tennessee, to defendant's lumber plant in Orangeburg about July 16, 1948, and upon unloading it was immediately discovered by defendant that a visible part was broken. It was called to the attention of plaintiff's truck driver and he was given a note to the plaintiff advising of this defect. Upon later removal of the broken part for repair or replacement, defendant's mechanics found interior parts which were not in usable condition and manifested that the machine had not been reconditioned in accord with the representation and warranty of the seller. Defendant wrote plaintiff by posted letter on July 21, in part as follows: "Part A-H 263-A on the Machine you sent over here is broken. Mr. Sanders (plaintff's truck driver—interpolated) can explain it to you. We wish that

you would dissemble this part on the old machine and send it back to us when you send the resaw. We will have this part on the machine which you sent dissembled and Mr. Sanders can take back to Memphis with him. The broken part will have to be welded and then machined and the only place we can get this done, would be Snmter and we figure it would be cheaper for you to handle in this manner."

Again, on July 22, defendant wrote plaintiff:

"We regret exceedingly to tell you that you have given us a right bum Job on this Machine we purchased from you. We called attention to these troubles to Mr. Sanders which he said he will report.

"We wrote you yesterday about the part which is broken. Our machine man has decided today that it will be best to use this part because it has probably been machined rather than have you send us the part from the old machine, so we will get it repaired.

"Also, we called Mr. Sander's attention to the fact that the top and bottom cylinders are not babbitted to fit the spindles. They are about 1/8″ slack and we also find that the left sidehead is loose and has to be re-babbitted. The infeed rolls are not in line because the gears are not in mesh. They will have to be relined. The counter-shaft boxes are not babbitted to fit the shaft and it does not look like there is enough takeup in the boxes to take care of the situation. It is going to take us a full week of hard work to correct things which your Shop should have taken care of because we have only limited facilities here to do this class of work.

"Mr. Sanders has seen the condition and will report to you. After you talk with him, we will be glad for an expression from you."

To the three communications of defendant plaintiff replied by letter dated July 29, as follows:

"I have been out of town for several days and have your letters of July 21st. and 22nd upon my return.

"Mr. Sanders is out on the road at this time, so have not had the opportunity to discuss with him· except by·telephone with reference to the trouble on the Matcher which he carried over there.

Mr. Peterson had most to do with the repairing of this machine and we carried it to various shops, and we understood from the former owners of this machine that they had just installed and rebabbitted both the top and bottom cylinders and side heads before we took possession of it. We should have checked this though to be sure that it was O. K., but, no doubt, this can be fixed up there without very much trouble. We are sorry to hear that the stand AH-263-A was broken. We cannot understand how this could be or how it could have escaped attention here. We are glad you decided to use the one now on the machine as each one of these has to be hand fitted.

Perhaps we pushed the· shop a little hard on this machine to get it out to you, but we can't believe there is anything very. serious or anyway anything too serious to where it cannot be fixed up over there without very much trouble or expense."

The foregoing correspondence was all well within the thirty-day period and we agree with the finding of the referee, in effect, that plaintiff thereby virtually confessed fault, waived its right to stand upon its contract and instead authorized necessary repair of the machine locally by defendant rather than insist upon rescision of the contract and return of the machine. It weighed several tons and moving it necessarily entailed much inconvenience and expense. The referee considered further correspondence and negotiations, which extended beyond the thirty-day period, but we·deem it unnecessary to do so in order to reach the same, undoubted result.

The learned trial judge, sitting here as a chancellor, felt bound to uphold the contract by the following decisions:

*International Harvester Co. v. Law,* 105 S. C. 520, 90 S.
E. 186; *J. I. Case Threshing Machine Company v. Dyches,*
108 S. C. 411, 94 S. E. 1051; *Knight v. Merritt Engineering
& Sales Co..* 151 S. C. 303, 149 S. E. 20; *Columbia Weigh-
ing Mach. Co. v. Rhem,* 164 S. C. 376, 162 S. E. 427. All
of these cases are readily distinguishable on the facts (and
the authority of them is not impinged by this decision) be-
cause in them there was no, or insufficient, evidence of
waiver (within the specified time limit) of the condition of
sale whereby the purchaser was required to rescind the trans-
action by return of the property without right to retain it
and recover damages for breach of warranty. In this case
the purchaser was practically told by the seller in its above
quoted letter of July 29 to retain the unquestionably defec-
tive machine and procure its repair locally which latter, in-
cidentally, required considerably more time than the thirty-
day period. We think that waiver is manifest here. Generally
applicable is the rule stated in *Smith & Furbush Mach. Co.
v. Johnston,* 102 S. C. 130, 140, 86 S. E. 489, 492, as
follows: "Under these circumstances, they should have re-
scinded the contract, and returned or offered to return the
machinery, or, retaining it, they should have made such re-
pairs to the machines and additions to the plant as were
necessary to remedy the deficiency and rely upon the war-
ranty to recover or recoup for the expenses incurred in rea-
sonable efforts to do so, and for such losses as were sustained
during such reasonable time as would be required for that
purpose. *Parker v. Pringle,* [33 S. C. L. 242] 2 Strob. 242."

There appears to be no case in our reports which
exactly fits in facts the case at bar. In principle it
comes within the following statement of the law in 46
Am. Jur. 890, Sales, sec. 761: "So long, however, as the
seller continues to attempt to remedy the defect in the
chattel, such as machinery, and holds out encouragement to
the buyer that it will be made as warranted, he is justified
in postponing its return." For the foregoing there is cited

in the footnote to the text, *First Nat. Bank v. Dutcher*, 128 Iowa 413, 104 N. W. 497, 1 L. R. A.; N. S., 142, and the appended note. That case concerned the sale of a cornhusking and shredding machine under written contract which specified that possession or use of it after two days without written notice of defect to the seller should be conclusive evidence of fulfillment of the warranty. The jury found waiver from the conduct and communications of the seller and the judgment was upheld on appeal. Many similar, earlier authorities were cited by the court. There is a note upon the subject of contracts of "sale or return" in 14 Ann. Cas. 331, 332. Cases more in point to this are collected in a note in 50 L. R. A., N. S., 796, entitled, "Waiver of conditions in contract of sale limiting the warranty." In the introduction are valuable references to earlier annotations in the same series.

The decisions cited by respondent in the brief, namely, *Fay & Egan Co. v. T. J. Dudley & Sons*, 129 Ga. 314, 58 S. E. 826 and *Fay & Eagan Co. v. Crowell*, 182 N. C. 532, 109 S. E. 562, did not involve conduct and communications by the vendor within the contract period which were comparable to those in the instant case, and they resulted oppositely. However, they recognize the competency of waiver of the condition where it may be present, as here.

The judgment is reversed and the complaint dismissed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.